## William B. Dickison *et al.*

*v.*

## Margaret Dickison.

*Filed at Ottawa May 9, 1888.*

1. Service of process—*recital in decree—presumption.* A recital in a decretal order on a bill for dower, that it appeared "to the court that the defendants were each duly served with process more than ten days prior to the commencement of the May term, 1886, to which term said cause was made returnable," etc., is *prima facie* evidence of the service of process. But this presumption may be rebutted by other portions of the record.

2. Where a decree was taken at the return term, finding there was due service of process on all the defendants, but the sheriff's return on the summons showed a service on certain named defendants, and that two of the defendants were not found, and as to all the rest, being the minor defendants, there was no return: *Held,* that the sheriff's return to the writ rebutted the presumption of service arising from the recital in the decree.

3. In such case, it was urged that the court should presume the infant defendants resided in a different county, and were there served. The summons issued to the sheriff of the county in which the suit was brought, contained the names of all the defendants, and this was held indicative that they all resided in that county, and hence there was no room for the presumption of service in another county.

4. Same—*appearance by guardian for his ward—only upon due service.* Notwithstanding the change in the statute authorizing and making it the duty of a guardian to "appear for and represent his ward in all legal suits," the guardian has no power to enter the appearance of his ward in a suit against the latter, when he has not been served with process. The power to appear is confined to cases where the ward is in court, by the service of process upon him.

Writ of Error to the Circuit Court of Peoria county; the Hon. T. M. Shaw, Judge, presiding.

Messrs. Wells & Keithley, for the plaintiffs in error:

The sheriff's return shows that there was no service upon the minor defendants, and this overcomes the presumption of service arising from the recital of service in the decree. *Fell* v. *Young,* 63 Ill. 106; *Botsford* v. *O'Conner,* 57 id. 72; *Bar-*

*nett* v. *Wolf,* 70 id. 76 ; *Hickenbotham* v. *Blackledge,* 54 id. 316 ; *Greenman* v. *Harvey,* 53 id. 386 ; *McDaniel* v. *Correll,* 19 id. 227.

Messrs. McCULLOCH & McCULLOCH, for the defendant in error :

When the record fails to show any service at all, and there is room to presume that another summons had been issued, the presumption is still in favor of the finding.

The action being local, summons might issue to any county where any of the defendants resided. There is nothing to show this was not the case, and a service had in some other county. Rev. Stat. chap. 41, secs. 20, 26 ; chap. 22, sec. 8.

It will be presumed there was service, and that the summons has been lost. *Miller* v. *Handy,* 40 Ill. 448 ; *Mulvey* v. *Gibbons,* 87 id. 367 ; *Chicago Dock and Canal Co.* v. *Kinzie,* 93 id. 410.

Under the present legislation a guardian may enter the appearance of his ward. *Dodge* v. *Cole,* 97 Ill. 338 ; *Allman* v. *Taylor,* 101 id. 185 ; *Clark* v. *Burnside,* 15 id. 62 ; Rev. Stat. chap. 41, secs. 19, 21 ; chap. 64, sec. 18.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court :

Margaret Dickison, defendant in error, filed her bill in the circuit court of Peoria county, for dower in the lands of Griffith Dickison, deceased. The bill alleged her marriage with said Griffith Dickison in 1859 ; that she filed her bill for divorce from him in November, 1861, and a decree in her favor for divorce was entered in 1867, for abandonment of said Margaret by said Griffith, and that said Griffith Dickison died March 12, 1886, leaving a will. The devisees and their descendants were made defendants in the bill for dower. The court entered a decree for dower. The plaintiffs in error bring the record here, and ask a reversal of the decree.

The decree must be reversed for the want of service of process upon a part of the defendants below, and of the plaintiffs in error, they being minors. Olive, George, Fannie, Laura A.

and Daisy Dickison, minor children of Griffith A. Dickison, one of the devisees in the will of Griffith Dickison, of a portion of the lands in which dower is claimed, were not served with process. The summons was issued on April 20, 1886, directed to the sheriff of Peoria county, and returnable to the next May term of the circuit court of Peoria county on the first Monday of May then next. The names of the above named minors as defendants were included in the summons. The sheriff's return on the writ, dated April 23, 1886, shows service on certain named of the defendants, and that two of the defendants were not found in his county, and as to all the rest of the defendants, being these minor defendants, the return is utterly silent. The decretal order recites : "And it appearing to the court that the defendants were each duly served with process more than ten days prior to the commencement of the May term, A. D. 1886, to which term said cause was commenced," etc. Although this recital is *prima facie* evidence of service of process, yet, as has frequently been held, this presumption from such finding may be rebutted by other portions of the record, and in the present case it is rebutted by the sheriff's return to the writ.

In *Botsford* v. *O'Conner*, 57 Ill. 78, it was said : "The service appearing in the record was defective in not showing the manner in which it was made, and as parol evidence could not rightfully be heard to aid it, we can not presume the court acted on other evidence than the return. It therefore rebuts the finding that there was service." And see *Barnett* v. *Wolf*, 70 Ill. 76.

As we have repeatedly held that the finding by the court of due service of process will not be rebutted by a defective service of process to the return term, where there has been a continuance to a subsequent term, but in support of such presumption, we would presume that an *alias* summons to the subsequent term had been taken out and duly served, although such an *alias* writ might not appear upon the files,—so here, it is urged that there should be, in support of the finding of the

court, an indulgence of the presumption that these minor defendants resided in some other county, and that there had been the issuance of a summons to such county for them, and due service upon them there. The statute provides, in such case as this, the petition may be filed in the county where the estate, or some part thereof, is situated. (Rev. Stat. chap. 41, sec. 20.) There is no room here for the presumption asked. What grounds for presumption appear are for a contrary presumption. The summons to Peoria county, including in it the names of all the defendants, is indicative that all the defendants resided in that county. As the sheriff of Peoria county returns as to two named defendants that they are not found in his county, if these minor defendants did not reside in his county, there would, presumably, have been the same return as to them. In the case of the presumption of an *alias* summons to a subsequent term, there is room for it in the fact of a continuance to a subsequent term.

At the May term, 1886, of the court, Anna Dickison presented her petition, representing that on April 27, 1886, she was appointed guardian of these minor defendants, producing her letters of guardianship, and asking that she might be appointed guardian *ad litem* of said minors, and that she might appear and make their defence for them; and the court thereupon, finding that she had been appointed such guardian, ordered that she be appointed guardian *ad litem* of such minors, to prepare and make their defence for them, which she accordingly did. In *Greenman* v. *Harvey*, 53 Ill. 387, where an infant defendant had not been served with process, and her guardian appeared and filed an answer for her, it was held that the guardian had no power to enter the appearance of his ward, and that the court had no jurisdiction of the person of the minor,—that it could be acquired only by service of process upon the minor. It is urged, that since that decision there has been a change made in the statute, under which change a guardian now has power to enter the appearance of his ward

in a case where the ward has not been served with process. At the time of that decision there was the statutory provision that "guardians, by virtue of their office as such, shall be allowed, in all cases, to prosecute and defend for their wards." (Rev. Stat. 1845, chap. 43, sec. 4.) There has since been some change of phraseology in the statute respecting the guardian's powers in his ward's suits.

In the Revised Laws of 1874, section 21 of the Dower act now reads: "Infants may petition by guardian or next friend, and other persons under guardianship, by their conservators. When an infant or person under guardianship is a defendant, he may appear by guardian or conservator, or the court may appoint a guardian *ad litem* for such person, and compel the person so appointed to act." And by section 18 of the Guardian and Ward act: "He (guardian) shall appear for and represent his ward in all legal suits and proceedings, unless another person is appointed for that purpose as guardian or next friend." It is insisted that this power given, an infant may appear by guardian, and that the guardian shall appear for and represent his ward in all legal suits, authorizes the guardian to enter the appearance of his ward in cases where the ward is not served with process. It would not seem that in this respect there has been any substantial enlargement of the guardian's power from what it was in the former provision, that he should be allowed in all cases to prosecute and defend for his ward. We think the decision should be still, as before, that a guardian has no power to enter the appearance of his minor ward in a suit against the latter, where he has not been served with process,—that the power to appear is in cases where the ward is in court, where there has been service of process upon him.

The amended petition sets out that Nellie Dickison also was a minor. She, too, was not served with process.

The decree will be reversed, and the cause remanded for further proceedings.                         *Decree reversed.*