THE STATE, EX REL. STEELMAN ET AL., v. J. HENRY VICKERS.

1. An officer of a *de facto* municipality cannot be ousted, at the instance of a private relator in *quo warranto*, on the ground that such public corporation has no legal existence.

2. Such existence cannot be called in question, either directly or indirectly, at the instance of a private person, but only by the interposition of the attorney general, acting for the state.

On demurrer to information in the nature of a *quo warranto.*

Argued at November Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and GARRISON.

For the relators, *David J. Pancoast.*

*Contra, Joseph Thompson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is an information in the nature of a *quo warranto*, in the name of the attorney general, at the instance of private relators.

The object of the procedure is to test the legal right of the defendant to the office of common councilman of the municipality called in the pleadings "The Mayor and Council of the Borough of Somers Point."

The information shows that this borough is a *de facto* corporation; that in the year 1886 it was organized by virtue of the act entitled "An act for the formation of borough governments in sea-side resorts," approved March 29th, 1878, and its supplements; and that in the following year the defendant was elected to the office now in question. As a ground for the ouster of the defendant, the relator then avers that the methods pursued in the erection of this municipality did not conform to the statutory standard in various specified particulars, and that the act itself, authorizing the creation of these local governments, is unconstitutional.

Consequently, it will be perceived that the theory of the relators' case is, that inasmuch as there is no legal municipality in existence in this instance, there can be, *ex necessitate,* no such office as common councilman appurtenant to it, the inference, of course, being that the defendant is illegally arrogating such position.

It is manifest that this is an attempt to do indirectly what this court has already declared cannot be done directly—that is, for a private relator to call in question the existence of one of these bodies that are public corporations, at least *de facto,* if not *de jure.* Such an endeavor is obviously possessed of all that impolicy that forms the basis of the prohibition alluded to; for that basis is, that it is highly inexpedient that these municipalities, being the depositaries of a part of the governmental power of the state, should have their very being put at hazard whenever any member of the community sees fit to make the assault. Being public institutions, it was determined that their existence was not to be challenged except by the state, through its attorney general, he acting *ex officio* as the representative of the public, and that in such a procedure his name could not be used, *pro forma,* by a private relator.

This being the rule and its reason, it is manifest that it would be absolutely preposterous to permit the corporate existence to be called in question by a private person, for the purpose of dismemberment, for in depriving the municipality of its organs you practically dissolve it. If this defendant is to be ousted from his office of common councilman, on the ground that the corporation has no life, so, for the same reason, can his associates be removed from their posts; and the same fate would await all the other functionaries of the borough, and thus this local government would, for all useful purposes, be at an end. In substance, therefore, the result of this indirect attack, by a private hand, would be the same, as would be the direct attack, on the same ground, upon the corporation; and the latter has already been declared by this court to be not permissible.

It is proper to further remark that this circuitous assault upon the corporate existence has an objection additional to those inherent in an immediate assault, for in its processes the municipality is not brought into court, and, therefore, has no opportunity of defending its life.

Our conclusion is, that there is no legal ground laid for ousting the defendant from the office held by him, and, consequently, he is entitled to judgment on this demurrer.