·PEOPLE EX REL. BYERS V. GRAND RIVER BRIDGE CO.
ET AL.

1. DISSOLUTION OF CORPORATIONS — WHO QUALIFIED TO BRING AC-
TION.— A complaint filed by a private citizen for the dissolution of
a corporation under the code provisions relating to "*actions for
the usurpation of an office or franchise*," alleging that the district
attorney refused to bring the suit, but stating no other or different
interest of the relator in the result than that common to every
citizen, is insufficient to support the action, and a demurrer thereto
for such cause may be properly sustained.

2. PROSECUTIONS FOR PUBLIC AND PRIVATE WRONGS — GENERAL
RULE.— The general rule is that prosecutions for wrongs done to
the public must be instituted by the state, through its properly au-
thorized agents, while an individual can sue only for injuries
peculiarly affecting himself.

3. A CLAIM FOR DAMAGES DOES NOT AUTHORIZE SUIT TO DISSOLVE
A CORPORATION.— The fact that the relator owns land which the
defendant corporation has appropriated without compensation
does not give him such an interest as enables him to maintain the
action to dissolve the corporation.   His interest is not one in
which the public is concerned, being merely a right to sue for dam-
ages.

*Appeal from District Court of Clear Creek County.*

THIS proceeding was instituted under section 315 of the
Civil Code of 1883, in the name of the people, upon the
relation of Frank S. Byers, for the purpose of procuring
a dissolution of the defendant corporation.   The facts al-
leged are similar to those stated in the case of *Byers v.
Rollins, post,* p. 22.   The court below sustained a demurrer
to the complaint, and entered judgment for the defendant,
and the plaintiff brings the case here for review by ap-
peal.   The section of the code referred to is as follows:

"An action may be brought by the district attorney in
the name of the people of this state, upon his own in-
formation, or upon the relation and complaint of a pri-
vate party, against any person who usurps, intrudes into,
or unlawfully holds or exercises any public office, civil
or military, or any franchise within his district in the

state, and it shall be the duty of the district attorney to bring the action whenever he has reason to believe that any such office or franchise has been usurped, intruded into, or unlawfully held or exercised by any person, or when he is directed to do so by the governor; and, in case such district attorney shall neglect or refuse to bring such action upon the complaint of a private party, such action may be brought by such private party upon his own relation, in the name of the people of the state." Civil Code, sec. 315 (Gen. Stat. 1883).

Mr. W. T. HUGHES, for appellant.

Messrs. R. H. GILMORE and C. C. POST, for appellees.

MR. JUSTICE HAYT delivered the opinion of the court.

It is averred in the complaint that the district attorney of the proper district refused to bring the suit upon application, and therefore plaintiff claims the right to maintain the action as relator by virtue of the provisions of section 315 of the Civil Code, although it does not appear that he has any other or different interest in the result than such as he may have in common with all other citizens of the state. If the defendant corporation has violated the law, either by doing some forbidden act or by neglecting to do some act enjoined upon it, it is not every person who may call it to account for such violation. As a general rule, prosecutions for wrongs done to the public must be instituted by the state through its properly authorized agents, while the individual can only sue for injuries peculiarly affecting him; and the provision of the code permitting an action in the nature of a *quo warranto* to be brought by a purely private party, upon the neglect or refusal of the district attorney to bring such action, must be construed with reference to this general rule. In considering the nature of the interest necessary to entitle a private party to become a

relator in a case coming before the court while Mansfield was lord chief justice, it was said: "There is no individual among those who apply to the court at present who says, 'My franchise is hurt.' 'Who are you? what concern have you with the corporation?' 'Only one of the king's subjects; I have no concern.' 'What do you come for?' 'To dissolve the corporation and to disturb its peace.' 'Then what is to be taken advantage of here?' 'A mere blunder. * * *' There are many circumstances in this case why the court should not interfere by granting an information." *King v. Stacey*, 1 Term R. 3.

The language quoted was used in reference to the statute of 9 Anne, chapter 20, relating to informations in the nature of a *quo warranto*, under which it was expressly provided that the information might be exhibited by the proper officer "at the relation of any person or persons desiring to sue or prosecute the same." See appendix to High, Extr. Rem. 585. The same view is taken in Pennsylvania under a statute containing a similar provision in reference to the relator as that quoted from the English statute. In *Com. v. Railway Co.* 20 Pa. St. 518, the court said: "A stranger who has no interest in a corporation except that which is common to every citizen cannot demand a judgment of ouster in a writ of *quo warranto*. * * * No mere stranger should be permitted to demand the forfeiture of a charter granted by the commonwealth where the state herself does not demand it. She has a right to waive the forfeiture; and it is her interest, in many cases, to do so."

It will be noted that the provision in reference to the person who may act as relator is as broad in the English statute as in our own. In fact, the statute of this and other states relating to actions for the usurpation of an office or franchise are generally modifications of this statute of Anne, and the universal rule of decisions in all cases in which the action has been brought for the

purpose of dissolving a corporation has been that the relator, to maintain the action, must have some interest beyond that common to every citizen, and further than this we are not concerned in this case. High, Extr. Rem. § 654; *Murphy v. Bank*, 20 Pa. St. 415; *State ex rel. v. Smith*, 32 Ind. 213; *State v. Stein*, 13 Neb. 530.

It was said in the oral argument that Frank S. Byers, the relator, is the owner of one of the banks upon which the bridge rests, and that the defendant had appropriated the same without compensating him therefor, and that this ownership entitles the said Byers to prosecute the action as relator. There are two conclusive answers to this argument: First. It does not sufficiently appear from the complaint that he is such owner. Second. If it did so appear, and also that the defendants took possession of said bank unlawfully, they would under such circumstances be trespassers, and liable in damages for the injury. The public, however, would be in no way concerned with the controversy; and, as we have seen, this is a sufficient reason for denying the extraordinary remedy by *quo warranto*. *People v. Turnpike Co.* 2 Johns. 190.

The complaint failing to show any interest in the controversy in Frank S. Byers, the relator, other than such as pertains to every citizen, the trial court properly sustained the demurrer, and the judgment is according affirmed.

*Affirmed.*