GILBERT G. RICHMAN ET AL. v. ORANGE H. ADAMS ET AL

The title of an officer of a municipal corporation cannot, on a *quo warranto*, be put in question on the ground that the *de facto* body appointing him has no legal existence.

| 59 | 289 |
| 67 | 150 |
| 59 | 289 |
| 69 | 73 |

On *quo warranto*.

Argued at June Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the relators, *David J. Pancoast.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The relators in this case have filed an information in the nature of a *quo warranto* against the defendants, to inquire into their right to membership in the board of education of the township of Landis, in the county of Cumberland.

This board was organized by force of the thirteenth section of the School law enacted on the 25th of May, 1894, and the defendants were duly elected members of that body, and the only ground laid for their ouster from office is that the board itself has no legal existence. That these official defendants cannot be legally assailed in this wise is *res adjudicata*, so far as this court is concerned. In the case of *Steelman v. Vickers, 22 Vroom* 180, it was directly decided that an officer of a *de facto* municipality cannot be ousted, at the instance of a private relator in *quo warranto*, on the ground that such public corporation has no legal existence.

The defendants are entitled to judgment.