THE STATE OF NEW JERSEY, EX REL. SAMUEL H. HANN, RELATOR, v. ARTHUR BEDELL ET AL., BOARD OF EXCISE COMMISSIONERS OF THE CITY OF CAMDEN, RESPONDENTS.

Argued February 20, 1901—Decided November 11, 1901.

1. A taxpayer and inhabitant of a city is entitled to interpose, by information in the nature of a *quo warranto*, when its municipal officers have been illegally selected.

2. The supplement of February 24th, 1892, to "An act to establish an excise department in cities of this state," passed April 8th, 1884, is unconstitutional in that the object of the supplement, as set forth in the body thereof, is not expressed in its title.

On rule to show cause why *quo warranto* should not issue.

Before Justices GUMMERE and FORT.

For the rule, *George H. Peirce.*

*Contra, Henry M. Snyder, Jr.*

The opinion of the court was delivered by

GUMMERE, J.   By the first section of an act of the legislature approved April 8th, 1884, entitled "An act to establish an excise department in cities of this state," the governing board of each city was authorized to pass ordinances for the purpose of providing for the establishment of a board of excise commissioners, the members of which should serve three years, and be elected on the general ticket at the charter election.   *Pamph. L.* 1884, *p.* 133.

Pursuant to the authority conferred by this act, the city council of the city of Camden, on June 27th, 1887, adopted an ordinance creating and establishing an excise board in that city.

By a supplement to the above statute, approved February 24th, 1892 (*Pamph. L., p.* 29), it was enacted that it should be lawful for the governing board of any town or city of this state, except cities of the first class, to provide by ordinance for the establishment of a board of excise commissioners; and that, upon such municipal action being had, the members of the board should be appointed by the Court of Common Pleas of the county wherein such town or city should be situate; and all inconsistent or repugnant legislation was repealed.

Notwithstanding the supplement of 1892, and in disregard of its provisions, the city of Camden continues to select the members of its board of excise commission by electing them at the annual charter election, the present incumbents, who are the respondents herein, having been chosen in that manner.

The relator, who is a citizen and taxpayer of the city, seeks, by this procedure, to test the right of these incumbents to the offices which they so hold.

It is objected on behalf of the respondents that, under the

decisions of this court in *Steelman* v. *Vickers,* 22 *Vroom* 180, and *Richman* v. *Adams,* 30 *Id.* 289, the right of these respondents to hold their offices cannot be called in question at the instance of a private person, because it attacks the legal existence of the board of which they are members. This is a misapprehension of the effect of this procedure. The legality of the board of excise commission is not questioned by the relator, on the contrary, it is admitted; it is the right of the incumbents to sit in that board, as its members, which he challenges. As a taxpayer and inhabitant of the city, subject to its municipal government, he is interested in the due selection of its officers, and is entitled to interpose by information in the nature of a *quo warranto* when such officers have been illegally selected. *State, ex rel. Mitchell,* v. *Tolan,* 4 *Id.* 195, 199.

The respondents further justify the method of their selection as members of the board of excise commission, contending that it was legal for the reason that the supplement of 1892 is unconstitutional for failing to express the object of the act in its title.

By the original act, passed in 1884, the legislative object was to provide a system for regulating the excise in all the cities of the state. This object was expressed in the title of the act, and was carried out in its body. By its provisions the legislative scheme was applicable, in all its details, to every city in the state. By the supplement of 1892 the legislature sought to extend the scope of the original act by embracing towns within its provision, and by altering the method of selecting members of the excise board in all the municipalities affected by the legislation, except in cities of the first class. So far as the attempt to subject towns to the provisions of this statute is concerned, it is, manifestly, directly in the face of the constitutional provision. And, in our judgment, this illegality vitiates the whole act. Where an unconstitutional feature stands by itself, and is separable as a distinct thing from the body of the act, and there is no reason to suppose that it constituted an essential motive to the enactment of the law, only the unlawful superaddition to the declared

object of the statute will be held to be inoperative and void. *Rader* v. *Township of Union,* 10 *Vroom* 509. But where it cannot be so separated, or where it is apparent that the eliminated portion did constitute an essential motive for legislative action, the whole act must fall. The principal object of the supplement of 1892 was to include towns in the scheme for regulating the excise, and to divide the municipalities embraced in that scheme into two classes, the first class to embrace cities containing a population of more than one hundred thousand, and the second class to embrace all other cities in the state, and all towns, a different method being provided of selecting members of the board of excise in these two classes of municipalities. To declare inoperative and void only that feature of this law which renders it unconstitutional would be in violation of the principle above enunciated, and would retain upon the statute-book a law which the legislature never passed, and which, very probably, it never would have enacted.

The rule to show cause should be discharged.