THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

WILLIAM E. WAITE *et al.*

*Opinion filed December 22, 1904—Rehearing denied Feb. 8, 1905.*

QUO WARRANTO—*when a judgment cannot be set aside on quo warranto.* If the county court had jurisdiction of the parties and subject matter in entering a judgment organizing a drainage district, the judgment, even though erroneous, cannot be set aside by a proceeding in the nature of *quo warranto.*

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. E. R. KIMBROUGH, Judge, presiding.

This was a petition filed in the circuit court of Edgar county by the State's attorney of that county, asking leave to file an information in the nature of a *quo warranto* to test the legality of the organization of the Polecat Drainage District, composed of lands situated in Coles and Edgar counties and organized under the provisions of the Levee act in the county court of Coles county. The court declined to permit the information to be filed, and a writ of error has been sued out from this court to review the action of the court in that regard.

Three reasons are assigned why said information should have been allowed to be filed: First, that the record of the county court of Coles county does not show that the petition upon which the county court acted at the time the district was organized was signed by a majority of the adult land owners of the district; second, that no final judgment was entered by the county court finding said drainage district duly established, as provided by law; and thirdly, that the petition upon which the county court acted at the time the district was organized was not signed by a majority of the adult land owners of the drainage district.

JOHN W. MURPHY, State's Attorney, (J. E. DYAS, H. A. NEAL, and F. K. DUNN, of counsel,) for plaintiff in error.

A. C. ANDERSON, and E. C. & J. W. CRAIG, for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

The legislature, by the act under which said drainage district was organized, committed to the county courts of this State jurisdiction to organize into drainage districts lands similarly situated to the lands lying within the territory comprising that organized into the Polecat district. If the judgment of the county court of Coles county organizing said district was valid,—in other words, if the court had jurisdiction of the subject matter and of the parties at the time it rendered the judgment whereby said district was organized, —its judgment organizing the district could only be attacked by a direct proceeding,—that is, by appeal or writ of error,— and could not be set aside and annulled by a proceeding in the nature of a *quo warranto,* as it is not the office of that proceeding to operate as a writ of error or by way of an appeal to review the final judgment of a court of record in a case wherein that court had jurisdiction of the parties and the subject matter of the litigation and has rendered a judgment disposing of the matter pending before it upon the merits, although error may have intervened in the entering of the judgment.

In *People* v. *Commissioners of Mineral Marsh Drainage District,* 193 Ill. 428, the State's attorney of Bureau county sought leave to file an information in the nature of a *quo warranto* to test the legality of the organization of a drainage district by the county court of that county, on the ground that certain lands had been improperly included within the boundaries of the district and which would derive no benefit from the system of drainage provided for by the drainage district. It was there held that it was within the province of

the county court to determine what lands would be benefited by the proposed system of drainage and therefore might properly be included within the boundaries of the district, and that the county court having determined that question, its judgment could not be reviewed by a proceeding in the nature of a *quo warranto*. In the case at bar the petition provided by the statute was filed in the county court of Coles county and the statutory notice to all persons interested was given. That county court then had jurisdiction of the subject matter and of the parties and was authorized to act. If it erred in holding that the petition was signed by the requisite number of adult land owners of the district or in refusing to permit persons who had signed the petition for the organization of the district to withdraw their names from the petition, the remedy of the parties in interest who deemed themselves aggrieved by the decision of the court was to have the case reviewed upon appeal or by writ of error, and not by a *quo warranto* proceeding.

The contention is made that the judgment of the county court does not find that the petition for the organization of the drainage district was signed by the requisite number of adult land owners and that the district was duly organized as provided by law. While the record is somewhat indefinite, when taken as a whole we think it shows the county court of Coles county found that the requisite number of adult land owners did sign the petition and that the district was duly organized. While in a court of review the contention of the plaintiff in error as to the invalidity of the judgment by reason of its indefiniteness might perhaps merit some consideration, such contention cannot be made here as a basis upon which to predicate *quo warranto* proceedings with a view to ultimately overturn the judgment of the said county court.

We have disposed of this case upon its merits, as the question of a want of jurisdiction to review this record in this court has not been raised, and a like record was reviewed by this court without objection in *People* v. *Commissioners of*

*Mineral Marsh Drainage District, supra.* It may, however, be argued, with much force, that this record involves only a question of practice,—that is, the right to file an information in the nature of a *quo warranto,*—and not a franchise, which would have been involved in a hearing upon the information if filed, and that the case should have gone to the Appellate Court in the first instance instead of to this court.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*