[L. A. No. 11649. In Bank.—November 20, 1929.]

HENRY L. FRESHOLTZ et al., Respondents, v. THE BOARD OF TRUSTEES OF THE CITY OF CULVER CITY (a Municipal Corporation) et al., Appellants.

John J. Dillon, City Attorney, and M. Tellefson for Appellants.

L. V. Meloy for Respondents.

LANGDON, J.—Petitioners asked for a writ of mandate compelling the defendants to call a special election and submit to the electors of the City of Culver City the question of whether such municipal corporation should be consolidated with the city of Los Angeles.

The petition alleged that on May 14, 1928, the petitioners, who are qualified electors in the City of Culver City, filed a petition signed by not less than one-fourth in number of the qualified electors of the City of Culver City, as shown by the registration of electors of the county of Los Angeles with the legislative body of the City of Culver City, asking that said city and the city of Los Angeles, a city of greater population and contiguous with the City of Culver City, be consolidated.

The respondents filed a demurrer, which was overruled, and they then filed an answer in which it was alleged, among other things, that "these respondents admit that on or about the 14th day of May, 1928, a petition was filed with the said Council of the said City of Culver City, but allege that said petition contained less than one-fourth of the number of qualified electors for the said City of Culver City as shown by the registration of the qualified electors for the county of Los Angeles."

The trial court heard some evidence, but rejected certain other evidence regarding the written withdrawal of the names of a number of the signers of the original petition and also rejected evidence offered to the effect that a number of persons signing the said petition were not at the time of signing registered voters, but had registered as voters later in the day upon which the petition was signed.

The trial court held that the petition was sufficient to

invoke the action of the city council and ordered that body to call the special election.

■ From this judgment defendants and respondents appeal, urging that the rulings of the trial court with reference to the rejection of evidence offered by them were erroneous, and particularly urging, as decisive of the appeal, the point that the determination by the board of trustees or city council as to the sufficiency of the petition filed with them is final and that it is beyond the power of the court to inquire into the validity of the action of said city council in determining the sufficiency of said petition, in the absence of any allegation that the said council acted fraudulently in the matter. This position is supported by the following authorities: *People* v. *Town of Loyalton,* 147 Cal. 774 [82 Pac. 620, 622]; *People* v. *Los Angeles,* 133 Cal. 338 [65 Pac. 749]; *People* v. *Town of Ontario,* 148 Cal. 625 [84 Pac. 205]; *People* v. *San Diego,* 71 Cal. App. 421 [236 Pac. 377].

The statute governing proceedings for the consolidation of cities requires that: "Whenever a petition signed by not less than one-fourth in number of the qualified electors of any municipal corporation as shown by the registration of electors of the county in which such municipal corporation is situated is filed with the legislative body thereof asking that such municipal corporation and any other municipal corporation contiguous thereto designated in such petition and having a greater population be consolidated, such legislative body must without delay call a special election and submit to the electors of such municipal corporation the question whether such municipalities shall be consolidated." (Stats. 1913, p. 577, sec. 2.)

In the case of *People* v. *Los Angeles, supra, quo warranto* proceedings were instituted to test the legality of certain annexation proceedings. The provision of the statute governing annexation proceedings with reference to the filing of the petition therefor was substantially the same as the above-quoted provision of the statute relative to consolidation proceedings. In that case, this court said: "The jurisdiction of the city council to order an election depends upon the presentation to it of such petition, signed by the required number of electors. Whether it was so signed was a question of fact, submitted by the statute to the

decision of the council; and the question arising on this branch of the case is whether the adjudication of that question of fact by the city council is conclusive." The court, in that decision, goes on to say: "All such adjudications are conclusive against collateral attack, and as the statute has not, in the case, at bar, given any 'appeal or review by a higher tribunal, it follows that it can be vacated only in the manner and upon the grounds that would justify the vacation of a judgment rendered by a court of record, and a mere error in the adjudication of a question of fact, not procured by fraud extrinsic or collateral to such question, is not a ground upon which it may be vacated."

In the case of *People* v. *Town of Loyalton, supra,* where proceedings for the incorporation of a town were attacked on the ground of the insufficiency of the petition, this court said: "Under what appears to be the settled law of this state, the decision of the board of supervisors upon both these questions of fact must be held to be conclusive here. There was no allegation to the effect that the decision was induced by any extrinsic or collateral fraud, and in the absence of any right of appeal or review by a higher tribunal such decision could be vacated only upon grounds which would justify the vacating of a judgment rendered by a court of record."

A similar question arose in *People* v. *Town of Ontario, supra,* and the ruling in the case of *People* v. *Los Angeles, supra,* was followed, as it must be followed in the instant case.

The judgment appealed from is reversed.

Curtis, J., Preston, J., Shenk, J., Seawell, J., Richards, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices concurred.