## No. 14,358.

### NORTON ET AL. *v.* PEOPLE EX REL. RUDBECK.

(81 P. [2d] 393)

Decided June 20, 1938. Rehearing denied July 11, 1938.

Mr. David W. Oyler, Mr. Nathan I. Golden, Mr. Benjamin A. Woodcock, for plaintiffs in error.

Mr. J. Emery Chilton, Mr. Herbert E. Mann, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Action in quo warranto testing the sufficiency of the incorporation of the town of Garden City in Weld County. The respondents, who are plaintiffs in error here, are the mayor and members of the board of trustees, respectively, of the town. They apply for supersedeas and ask that the judgment of annulment of the incorporation and ouster against them be vacated, and the complaint dismissed. We think it will be for the best interest of all concerned to make final disposition of the matter on this application.

The issues were formed by appropriate pleadings. Relator demurred to respondents' third defense (statute of limitations), which demurrer was sustained, and the respondents elected to stand. At the trial, respondents interposed, ore tenus, a general demurrer to the complaint, which was overruled, following which relator submitted his proof.

There are sixteen assignments of error, all comprehended in the following defenses: (1) That the relator had not sufficient interest to bring the action; (2) that the complaint did not state facts sufficient to constitute

a cause of action; (3) that the action was barred by special statute of limitation.

1. Relator, Rudbeck, had received written permission from the district attorney to bring the action, but respondents allege that he still is not qualified, because, at the time of the filing of the petition, he was not a resident of, or a taxpayer or voter in, Garden City, and had not that sufficiency of interest required of one who seeks as a private relator to maintain an action in quo warranto.

It will be noted that the code provision ('35 C. S. A., vol. 1, c. 28, §321, S. L. '87, p. 182, §289), contains no particular requirements as to the private party, when the district attorney neglects or refuses to act, but since it is an adaptation of the general provisions of the common law requiring the private relator to have some special interest as distinguished from that held by the general public, such as that of being a voter, taxpayer, etc., we must determine whether relator here had such an interest.

The record discloses that he had operated a gasoline filling station in Garden City since 1932 under a long term lease; that some time prior to the filing of the petition herein, he agreed to, and did, buy the property which he had so operated, and made the payments therefor, although the deed to the same was taken in his wife's name before this action was instituted. Tax receipts in the record show that he had paid the personal taxes assessed against property in the station for several years. While it is true his home was in Greeley, his source of livelihood was in, and the results of his labor came from, Garden City. Being in actual charge of the operation of his business in Garden City, and subject to its license and police regulations, we would say that he had a rather definite and substantial interest in the town—sufficient to satisfy the requirements laid down by our decisions. *People ex rel. v. Grand River Bridge Co.*, 13 Colo. 11, 21 Pac. 898; *People ex rel. v. Regents*, 24 Colo. 175, 49 Pac. 286; *People ex rel. v. Lockhard*, 26 Colo. App.

439, 143 Pac. 273; *Canon City Club v. People,* 21 Colo. App. 37, 121 Pac. 120. A slight interest has been held to fulfill this requirement. *State ex rel. v. Tularosa Community Ditch,* 19 N. M. 352, 143 Pac. 207. The complaint alleged, "Relator, Harry M. Rudbeck, is a property owner in the town of Garden City, State of Colorado, and is operator and general manager of a filling station in said town." This allegation, being well pleaded, was admitted by respondents' general demurrer, and on its face, supported by the proof as well, shows sufficient special interest.

2. The complaint, after reciting the capacity in which relator was suing, alleges in substance: That the respondents claimed to and did exercise authority as mayor and trustees, respectively, of a certain pretended town in Weld county, which was never legally organized or existing, by levying taxes, taking charge of streets and highways, issuing licenses, appointing town officers and otherwise intruding themselves into said offices, respectively, and usurping all power and authority within the described territory; that the petition for incorporation of the town was and is illegal, insufficient, and not in compliance with section 8979, Compiled Laws, 1921 ('35 C. S. A., vol. 4, p. 1302, c. 163 §2), in that: (a) Less than thirty of the signers were bona fide landowners; (b) less than thirty of the signers were bona fide residents and; (c) less than thirty of the signers were qualified electors, respectively, in and of the territory embraced in said pretended incorporated town; that no one of said signers, except Ida F. Ray, was at the time of signing and presenting said petition a bona fide owner, resident and qualified elector of said territory; that the election held on September 17, 1936, was a pretense, and that the respondents were elected to their respective offices in form only; that said pretended town has no right or authority to exist as an incorporated town other than the right attempted to be conferred by the aforesaid proceedings.

Counsel for respondents contend that these are mere conclusions of the pleader and do not tender any issues of fact. As to the allegations that certain things are illegal and not in conformance with the statute, that is true, but the allegations as to the signers not being bona fide landowners, residents and electors are certainly statements of ultimate fact which, being denied, tender issues that not only are material, but vital, because, if proved, the petition would be insufficient, and the incorporation based thereon, void. *People ex rel. v. Stratton,* 33 Colo. 464, 81 Pac. 245. This being established by satisfactory proof, the relief prayed for would follow as a matter of course. *Velasquez v. Zimmerman,* 30 Colo. 355, 70 Pac. 419; *Eldred v. Johnson,* 18 Colo. App. 384, 71 Pac. 891. We think the complaint states a cause of action.

 3. The defense of the statute of limitations presents a more difficult problem. The statute relied on reads as follows: "Any city or town which has been formed, organized or incorporated previous to the passage of this law, or which may hereafter be formed, organized or incorporated, and have exercised or shall exercise the rights and powers of a municipal corporation, and shall have in office a board of officers exercising the duties of their offices, and the legality of the formation or organization shall not have been or shall not be legally denied or questioned within one year from the date of its formation or organization, shall be deemed to be a legally incorporated city or town; and its formation, organization or incorporation shall not thereafter be questioned." '35 C. S. A., vol. 4, p. 1451, c. 163, §343, C. L. §9252.

Under this provision, it was held, prior to 1921, that the legal existence of the corporation would be conclusively presumed, when, without question a board of municipal officers, exercising their official duties, had been maintained for more than one year. *People ex rel. v. Curley,* 5 Colo. 412. This is the clear purport of section 343, supra, when construed in relation to section 5,

chapter 163, page 1304, volume 4, '35 C. S. A. However, in 1921 the General Assembly amended section 6516 R. S. '08 (S. L. '21, p. 774), to read as now appears in section 4, chapter 163, page 1304, volume 4, '35 C. S. A., directing the county court to "adjudge said incorporation to be complete," and counsel for respondents urge that since the county court's order was entered on September 1, 1936, and the complaint herein was not filed until September 8, 1937, that the action is barred by section 343, supra, the one year statute of limitation.

It may well be, and we would have to assume, that the General Assembly intended that a decree of the county court should adjudge an incorporation to be complete, but that could only follow if the decree actually so determined. If for some reason the decree recites something else, we are bound to give effect to the plain and unambiguous language used.

The pertinent portions of the decree here in question recite: "That all proceedings in this cause *unto* this time have been had and taken in accordance with the law and with the order of this court. Now, therefore, it is ordered by the court that the clerk of this court give notice of the result of said election by publication thereof in The Greeley Booster, a legal newspaper published in Weld county, and stating and notifying that said incorporation shall be and thereby is denominated an incorporated town *upon the further compliance with the law in such cases made and provided,* by and under the name of the Town of Garden City, and that such notice describe the territory and the limits thereof comprising such incorporation in accordance with the petition herein. Done in open court this 1st day of September, A. D. 1936. Robert G. Strong, Judge." (Italics are ours.)

Nowhere in the findings or decree does the court "adjudge said incorporation to be complete." On the contrary, the emphasized language gives room for no other construction than that something more remained to be done, and it would follow that "the further compliance

with the law in such cases made and provided'' had reference to the following section: "When certified copies of the papers and record entries are made and filed, as required by the preceding section, and officers are elected and qualified for such city or town as hereinafter provided, *the incorporation thereof shall be complete;* whereof notice shall be taken in all judicial proceedings." '35 C. S. A., vol. 4, p. 1304, c. 163, §5. (Italics are ours.)

To give the legal effect to the court's decree for which counsel for respondents contend, would be to ignore the clear and explicit language of the decree itself and section 5, supra.

 If the decree was based upon a mistake of law, it is none the less conclusive. *Robinson v. Anderson,* 88 Okla. 136, 212 Pac. 121. In that case defendant, as do respondents here, "attached a copy of the judgment to his answer, pleading the same in bar of plaintiffs' right to maintain their cause of action in the instant case."

The election of the officers of the town of Garden City was not held until September 17, 1936, and this complaint, as above noted, was filed September 8, 1937, within the year allowed by section 343, supra, when construed in connection with said section 5, supra, which construction we adopt as controlling under the circumstances developed in this case.

Regardless of the apparent conflict in sections four and five of the statute, the conclusion reached herein is sound. No harm could come to anyone by the mere ipso facto incorporation. Not until someone is damaged, or that which can cause damage is set in motion, should any statute of limitation start to run, and here that situation could not arise until the municipal officers were chosen and entered upon the exercise of their duties and powers.

 As to the sufficiency of proof we make no comment, other than to say the court found it sufficient. The fact that the court gave permission to counsel for respondents to cross-examine some of the witnesses, as a favor to the court, gives to respondents no right to chal-

lenge the sufficiency of the evidence. They admitted the truths of the well pleaded portions of the complaint by their demurrer and upon an adverse ruling elected to stand thereon, and what transpired thereafter was by the grace of the court and not by legal right.

Having already passed upon a separate petition touching the propriety of the trial court's refusal to stay the order of ouster, we need not discuss that matter further.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.