## No. 16,981.

PEOPLE EX REL. ET AL *v.* BLAKE ET AL.

(260 P. [2d] 592)

Decided August 10, 1953.

Mr. WILLIAM G. WALDECK, Special Prosecutor Representing Plaintiffs in error.

Messrs. STRANG, LOESCH & KREIDLER, for defendants in error.

*En Banc.*

MR. JUSTICE CLARK delivered the opinion of the court.

THIS is a proceeding in the nature of quo warranto. The parties are here in the same order as they appeared in the trial court. We will herein refer to plaintiffs in error as relators and to defendants in error as defendants. The trial court sustained a motion to dismiss— filed on behalf of defendants—upon the ground that complainants failed to state a claim upon which relief could be granted, and entered judgment accordingly.

The action was commenced by the filing of a complaint in the name of People of the State of Colorado ex rel. Wilson and Fiant, "Plaintiffs," alleging that they are residents and taxpayers, and that the action is on behalf of themselves "and for others similarly situated." Quo warranto being an extraordinary and highly pre-

rogative writ, its issuance may be attained only on behalf of the state or, under closely restricted circumstances, upon relation of individuals possessing a special interest. *People ex rel. v. Grand River Bridge Co.*, 13 Colo. 11, 21 Pac. 898, 16 Am. St. Rep. 182, and, generally, 44 Am. Jur., p. 143, secs. 74, et seq. For this reason we doubt its availability as a class action, but leave the question undetermined because it has not been raised.

The complaint is devoid of allegation showing consultation with the District Attorney, or that that officer had declined to act. This was one of the grounds incorporated in the motion to dismiss filed on behalf of defendants on December 3, 1951. In ruling upon that motion December 22, 1951, the relators, having on that day moved that the District Attorney be substituted in their stead, the trial judge stated that he had no authority on said motion to order the substitution of the parties by the District Attorney and "that the action as presently brought is subject to dismissal." He did not, however, dismiss the action but granted "said private individuals" twenty days within which to make further application for such substitution. The judge was right in the first instance, and should have ordered dismissal.

Within the twenty days allowed by the court, the then District Attorney of the Seventh Judicial District caused to be filed in the case a four line instrument, designated "Appearance," in which he states that he "does hereby enter his appearance herein and moves the Court that he be substituted for the above named private relators." No order for substitution appears in the record and the title of the action remains unchanged from the form in which it originally was filed, although the District Attorney presumably appeared on behalf of relators in proceedings thereafter. Notwithstanding these apparent irregularities, for all present purposes, we will assume that the District Attorney was properly in the case.

By their complaint relators charge that, pursuant to petition and proceedings theretofore had, the county

court of Montrose county, on May 4, 1951, entered an order decreeing and declaring the incorporation of the Town of Naturita to be complete, and that "at an election held in said town on the 21st day of July, 1951, the defendant, John Blake, was elected mayor," and "the other defendants were elected as councilmen," but that each and all of said defendants hold their respective offices unlawfully, not because of any illegality in the election held July 21st, but for the reason that there were certain irregularities and defects in the incorporation proceedings of the town rendering the same ineffective, null and void from the beginning. It is not contended that defendants are not officers of the town because of any improprieties in their election as such, but because there is no incorporated town of Naturita.

The reasons assigned as showing the alleged invalidity of the incorporation of the town cover a number of asserted defects and irregularities, all specifically set forth in the complaint and bill of particulars thereto, but we refrain from enlarging this opinion to detail the various items for the reason that all thereof are of such nature that they could and should have been raised and presented in the proceedings had before the county court. They all relate to things which it was the province of that court to determine as a basis for its order adjudging the incorporation to be complete.

The trial court found that "this action is directed wholly against the sufficiency and legality of the original petition for incorporation," and that as that matter was determined by the judgment of the county court, which determination was subject to review upon writ of error, it could not be made the basis of a quo warranto proceeding, and thereupon entered judgment dismissing the action.

Without formal specifications of points, counsel for relators rely upon as "grounds for reversal" alleged errors of the trial court in holding: (1) That the state cannot avail itself of quo warranto proceedings after

entry in the county court of its order decreeing incorporation of a town complete; (2) that such county court order declaring incorporation complete is a final order to which writ of error would lie; and (3) that the county court, at the time of entry of its decree, May 4, 1951, had jurisdiction.

■ ■ Considering the second specification first, we held in the case of *Enos v. District Court,* 124 Colo. 335, 347 and 354, 238 P. (2d) 861, that since the enactment of the 1921 statute, section 4, chapter 163, '35 C.S.A., the function of the county court in incorporation proceedings is clearly judicial, whereas prior to 1921 it was administrative. For all material purposes the factual situation in this case parallels that presented in the Enos case. The order entered by the county court on May 4, 1951 declaring the incoropration of the Town of Naturita to be complete, was and is a final judgment. *Fiant v. Town of Naturita,* 127 Colo. 571, 259 P. (2d) 278 (No. 17064, June 15, 1953), wherein the pertinent findings and decree of said county court are set forth in full.

■ We perceive no reason why those who object to the incorporation of a town should not enter appearance in the proceeding in the county court and there present their protests. Hearing thereon in regular manner would make for orderly proceedings on direct issues and forestall round-about attacks in an effort to accomplish indirectly that which could much better be pursued by direct method. Having entered appearance and protest, in event of adverse judgment, review by writ of error would be in order. Neither is this the only avenue available where it is contended, as in this case, that the county court was without or exceeded its jurisdiction, or abused its discretion, since Rule 106 (a) (4) R.C.P. Colo., "provides a plain, speedy and adequate remedy." *Friesen v. People ex rel.,* 118 Colo. 1, 6, 192 P. (2d) 430.

Notwithstanding similarity of factual background to that portrayed in the Enos case, counsel for relators seek to distinguish this case therefrom upon the basis

that in the Enos case the state declined to, and did not, participate, while in the instant proceeding, by and through the District Attorney, it did appear. We already have discussed the manner in which the District Attorney came into this case—long after its commencement and without order of substitution—and although we are considering the case as if his appearance was regular, yet, and notwithstanding our liberal practice in Colorado, there is respectable authority that in matters of this nature the state must appear by its proper legal representative acting ex officio, as the representative of the public, and not in manner pro forma. *State ex rel. v. Vickers*, 51 N.J.L. 180, 17 Atl. 153.

Counsel for relators insist that certainly the state, not being an interested party in the incorporation proceedings nor having notice thereof, may maintain a quo warranto action for the purpose of testing the validity of the organization of any municipal corporation. As an abstract proposition and with certain well recognized limitations, this is correct. To permit such to occur, without restriction, however, in instances where municipal incorporation is a judicial process, as in Colorado, would be to permit the use of such remedy to collaterally attack the judgment of the tribunal invested by law with the duty of determining such matters. Proceedings for the incorporation of towns in Colorado being entrusted to the county court of the county wherein such town is located, and the action of the court being judicial and not ministerial in nature, the findings and conclusions of said court upon the matters presented to it and the regularity of its judgment, even if erroneous, may not be reviewed in a separate proceeding in the nature of quo warranto; such being limited in scope to questions of fraud, lack of jurisdiction and invalidity of the decree on its face. While, perhaps, there is not desirable unanimity of decisions on this matter, the vast majority of appellate courts adhere generally thereto, and the rule is well stated in 74 C.J.S., page 197, section 13, as follows:

"The particular grounds on which the incorporation, organization, or annexation may be attacked by a quo warranto proceeding include *fraud* in obtaining the charter or in the incorporation, organization, or annexation proceedings, *lack of jurisdiction* of such proceedings, and the *invalidity, on its face,* of an order establishing a district; but, *except on these grounds,* a quo warranto proceeding cannot be maintained for the purpose of attacking the *judicial action* or *determination of a court or judge* in the incorporation, organization, or annexation proceedings, and, in some jurisdictions, a like rule obtains as to the findings of a board or officer in such proceedings." (Emphasis supplied.) See, also: *State ex rel. v. Town of Campbell,* 177 Ala. 204, 58 So. 905, 906; *State v. Flemming,* 158 Mo. 558, 59 S.W. 118; *Fresholtz v. Board of Trustees of Culver City,* 208 Cal. 502, 282 Pac. 501; *People ex rel. v. Town of Loyalton,* 147 Cal. 774, 82 Pac. 620; *State ex rel. v. Drainage District,* 168 Kan. 568, 215 P. (2d) 161; *People v. Waite,* 213 Ill. 421, 72 N.E. 1087.

McQuillin, in his Third Edition on Municipal Corporations, volume 17, pages 399, 400, says: "Where, however, a municipal corporation is organized by a court of record acting within the power and jurisdiction conferred upon it by constitution or statute, the validity of the incorporation proceedings cannot be attacked by quo warranto, unless the organization was obtained by fraud * * *."

The authorities above cited are but a few of the numerous decisions to like effect, notwithstanding which, however, it may be contended that Colorado is committed to a contrary view by our holdings in the case of *Norton v. People ex rel.,* 102 Colo. 489, 81 P. (2d) 393. We do not think so. In the Enos case, supra, we mentioned and partially distinguished the Norton case. While its decision followed the enactment of the 1921 statute, the provisions of that statute, requiring the county court to enter an order decreeing the incorporation to be

complete, were ignored in that case, and its effect was not presented upon review. Likewise, none of the matters we have hereinabove discussed was raised in the Norton case. It was based entirely upon former decisions in which the duties of the county court, under former statutes, were regarded as ministerial. The 1921 statute changes all that, and hence no reliance may be had upon our decisions prior thereto, nor to the Norton case wherein the point was not raised.

■■ Without specification as one of the points of alleged error, relators' counsel in argument contend that in the instant case fraud appears, thus justifying quo warranto proceedings. This contention is without merit for at least two reasons: First, fraud is not pleaded in the complaint; and, secondly, all matters related in argument as indicating fraud are such that they might properly, and under approved procedure should, have been presented in the county court before its decree was entered. Fraud, to form the basis of a quo warranto proceeding, must be extrinsic, or collateral fraud, and reliance may not be had upon those matters intrinsically connected with the hearing or proceeding itself, or which could be, or should have been, determined therein. "On this point it is sufficient to say that the alleged fraud charged is not such as will afford the basis of attack upon the order of the County Court, because it is not collateral or extrinsic to the matter tried by said County Court. It would serve no useful purpose to pursue the matter further, for it is well settled that the fraud for which a judgment will be vacated must be a fraudulent act in procuring a judgment and not a fraud which vitiates a cause of action." *State v. Church* (Mo. App.), 158 S.W. (2d) 215, 222. See, also: *United States v. Throckmorton,* 98 U.S. 61, 25 L. Ed. 93; *Caldwell v. Taylor,* 218 Cal. 471, 23 P. (2d) 758; 1 Freeman on Judgments (5th ed.), page 461, 462.

■ We now come to the third point whereby counsel for relators contend that the trial court was in error in

holding that on May 4, 1951, when the county court entered its order decreeing incorporation complete, it had jurisdiction. Here again it is urged that the attack on this decree is not based upon mere irregularities of procedure, but upon allegations of facts which constitute fraud, thus rendering the judgment of the county court void from the beginning and depriving it of jurisdiction. To discuss this question at length would be but to repeat what we already have said above, for there is nothing appearing in this connection that could not have been presented and litigated in the county court case, as all said matters were intrinsically connected therewith and are of such nature that required determination by that court. That they were not there presented is no excuse for the failure to do so. When the petition, good on its face—and no objection on that ground was in this case raised—was presented to the county court, its jurisdiction attached; all following proceedings were in the exercise of that jurisdiction; and they are not subject to subsequent attack except upon showing of the occurrence of extrinsic fraud. *State ex rel. v. Holcomb,* 95 Kan. 660, 149 Pac. 684, 685, and cases hereinabove cited.

We find no material error in the action of the district court in directing dismissal of the cause then before it; accordingly, the judgment is affirmed.