No. 21661.

THOMAS C. WILTGEN, GORDON K. SMITH, CURTIS D. HANKS, SELLA MCRYHEW, AND CAROL MACLEAN AS COMMISSIONERS IN THE CITY OF NORTH THORNTON, COLORADO, INCORPORATION PROCEEDINGS AND IN THEIR INDIVIDUAL CAPACITY AS RESIDENTS, PROPERTY OWNERS AND TAXPAYERS *v.* D. A. BERG, JOHN S. HOWARD, JR., JOY VIFIAN, ERMA JACKSON, BETTY GIBSON, ROY CARLSON, WALTER J. KLUS, ALVIN THOMAS, AND ANTHONY J. MULLEN, AS COMMISSIONERS IN THE CITY OF NORTH GLENN, COLORADO, INCORPORATION PROCEEDINGS, AND THE COUNTY COURT IN AND FOR ADAMS COUNTY, COLORADO, AND HONORABLE OYER G. LEARY, JUDGE THEREOF.

(435 P.2d 378)

Decided November 6, 1967. Rehearing denied January 15, 1968.

Fᴜɢᴀᴛᴇ & Mɪᴛᴄʜᴇᴍ, Dᴏɴᴀʟᴅsᴏɴ, Hᴏғғᴍᴀɴ & Gᴏʟᴅ-sᴛᴇɪɴ, for plaintiffs in error.

Sᴛᴀɴʟᴇʏ B. Bᴇɴᴅᴇʀ, S. Mᴏʀʀɪs Lᴜʙᴏᴡ, for defendants in error.

142

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS writ of error is directed to an order of the District Court of Adams County granting relief in the nature of prohibition under R.C.P. Colo. 106(a)(4), against the commissioners in the City of North Glenn incorporation proceeding (hereinafter referred to as North Glenn), the County Court of Adams County and County Judge Oyer G. Leary, upon a Complaint brought by the commissioners in the City of North Thornton incorporation proceeding (hereinafter called North Thornton).

The order complained of (1) voided an election held October 13, 1964, by the North Glenn commissioners, which had resulted in a vote favorable to incorporation, and (2) stayed all proceedings in the county court in the matter of the North Glenn incorporation until the court should have made final disposition of the incorporation proceeding previously filed by North Thornton. Both parties have brought writs of error, North Glenn seeking to reverse the order of the district court, and North Thornton seeking to have the entire North Glenn proceeding, and the election held thereunder, declared void for all purposes.

The petition for incorporation of the City of North Thornton was filed in the county court on June 26, 1964, and District Judge Clifford J. Gobble, sitting as County Judge, entered an order accepting the petition and appointing election commissioners. The commissioners met on the same day and set the election for November 3, 1964, the date of the general election.

On September 4, 1964, a petition was filed in the county court seeking incorporation of a city to be known as North Glenn, embracing all of the territory included in the proposed city of North Thornton, along with ad-

ditional territory. An order was entered by County Judge Oyer G. Leary, finding the petition to be in conformity with the statutory requirements, and appointing election commissioners. The commissioners met September 10, 1964, and called a special election for October 13, 1964. Motions to dismiss were filed October 9, by persons not parties to the present action.

The commissioners' report of the e ection of October 13 listed a vote of 3,373 to 2,239 in favor of incorporation of North Glenn. All four precincts recorded a favorable vote, including those east of North Washington Street in the territory covered by the North Thornton petition. The county court on October 16 deferred adjudicating the validity of the North Glenn election, until after hearing the motions to dismiss filed in that proceeding. After the election, on October 21, a motion to dismiss was filed in the North Thornton proceeding.

The present action was commenced October 9, 1964, with the filing in the district court of a complaint in the nature of prohibition under R.C.P. Colo. 106 by the North Thornton commissioners, alleging that the county court exceeded its jurisdiction in accepting the North Glenn petition and appointing election commissioners; that its order of September 4 was an abuse of discretion, and that petitioners had no plain, speedy or adequate remedy at law. The complaint sought an order restraining the county court from proceeding further with the North Glenn incorporation until completion of the North Thornton proceeding. No order was issued by the district court on this first complaint. An amended complaint was filed October 20, *after* the North Glenn election, asking that the North Glenn proceeding, and the election held thereunder, be declared null and void, and that all proceedings in *both* incorporations be stayed pending final hearing. District Judge Gobble entered an order to show cause, staying all proceedings as requested. As a result, the North Thornton election scheduled for November 3 was never held. Hearing was held

December 10 before Judge Gobble, resulting in the final order staying the North Glenn proceeding and setting aside the election, which is the subject of this writ of error. Both parties filed motions for new trial, and sued out writs of error.

After the final order was entered in the Rule 106 proceeding, both incorporation matters were transferred to the district court under the court reorganization. Judge Leary, on hearing held February 23, 1965, entered an order granting the motion to dismiss the North Thornton proceeding and discharging the commissioners, but in an order dated May 11, 1965, the court ruled he was without jurisdiction to enter such an order during the pendency of these writs of error; and thereby vacated his February 23 order.

The only error alleged by North Thornton is that the district court failed to declare the entire North Glenn proceeding, including the election, to be "null, void and of no effect." North Thornton contends that when it filed its petition, exclusive jurisdiction to deal with the area concerned with respect to incorporation vested in the court in that proceeding and any other attempted incorporation proceeding dealing with the same territory was void ab initio.

The arguments made by North Glenn for reversal of the district court's order are somewhat duplicative, and may be summarized as follows: That relief under R.C.P. Colo. 106 should not have been granted because the county court had neither exceeded its jurisdiction nor abused its discretion, and petitioners had a plain, speedy and adequate remedy at law. We will deal only with North Glenn's allegations of error because our rulings thereon are also dispositive of the argument made by North Thornton.

██ North Glenn first attacks the jurisdiction of the district court to grant relief under R.C.P. Colo. 106. This argument is without merit. This Court has heretofore stated that Rule 106 provides a proper remedy in

cases involving incorporations of towns and cities. *People ex rel. Wilson v. Blake,* 128 Colo. 111, 260 P.2d 592; *Enos v. District Court,* 124 Colo. 335, 238 P.2d 861. R.C.P. Colo. 106(a)(4) provides that relief may be obtained in the district court "[w]here an inferior tribunal . . . has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy." It states that upon the filing of the complaint "the court *shall* direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed," (emphasis added) and provides that a stay of proceedings may be granted by the district court in conjunction with its order to show cause. That is exactly what was done in the instant case.

 It is true that the county court had jurisdiction of all incorporation proceedings under C.R.S. 1963, 139-1-2, and that the language of C.R.S. 1963, 139-1-3, directing that the court "shall forthwith appoint" commissioners upon presentation of a valid incorporation petition, is mandatory. It is also true that there is in the incorporation statutes no direct prohibition against dual incorporation proceedings comparable to that contained in C.R.S. 1963, 139-10-9, with reference to annexation proceedings. However, our holding in the *Blake* and *Enos* cases, *supra,* that incorporation proceedings are judicial in nature brings into play the usual rules concerning the duties of a court with respect to dual actions involving the same subject matter and substantially the same parties, as is the case here. We have stated, in *Martin v. District Court,* 150 Colo. 577, 375 P.2d 105, that under such circumstances, the action first filed has a "priority of jurisdiction," and that the second action must be stayed until the first is finally determined. The county court was acting improperly in allowing both incorporations to proceed simultaneously, and it was therefore proper for the district court to entertain an action to enforce this priority of jurisdiction, and to enter its order stay-

ing proceedings in the North Glenn incorporation until final determination of the North Thornton proceeding.

The impact of the application of the "priority of jurisdiction" rule, however, is not to deprive the court of jurisdiction in the second matter ab initio, but to permit the first action to proceed to final judgment before the court may proceed in the second matter. Therefore, the additional order of the district court voiding the North Glenn election was erroneous. This Court has stated that an election can be prevented or stayed by a timely complaint under R.C.P. Colo. 106(a)(4). *Enos v. District Court*, 124 Colo. 335, 238 P.2d 861; *Friesen v. People ex rel. Fletcher*, 118 Colo. 1, 192 P.2d 430. Although the original complaint herein was timely filed, it was not acted upon, and the amended complaint was not filed or the stay order issued until after the election had been held and return made thereon to the court. The election could not then be stayed retroactively, or what amounts to the same thing, summarily invalidated by the district court. Upon final conclusion of the North Thornton proceeding, the trial court, under the rule we have enunciated, will be free to proceed to a final conclusion in the North Glenn proceeding. Should the North Thornton proceeding result in a dismissal or an unfavorable vote, no good purpose would be served by requiring the North Glenn incorporators to hold an entirely new election.

North Glenn argues that the intervention of the district court was premature, since the county court had not been afforded an opportunity to rule on its own jurisdiction. *Justice Court v. People ex rel. Harvey*, 109 Colo. 287, 124 P.2d 934; *People ex rel. Pike's Peak Fuel Co. v. P.U.C.*, 81 Colo. 361, 255 P.608; *County Court v. People*, 48 Colo. 539, 111 P.86. The issue of jurisdiction was raised by one of the motions to dismiss filed by individuals in the North Glenn proceeding on the same day as the original complaint was filed by North Thornton in the Rule 106 action here under review. It

might have been better practice for the North Thornton commissioners to first appear in the North Glenn proceeding as objectors before seeking relief in the district court. However, in view of the fact that the North Glenn commissioners, on September 10, had set their election for October 13, in advance of the previously scheduled North Thornton election, we are not prepared to say that such intervention was mandatory in this case. In a public matter such as this, the county court might well have taken judicial notice of the incorporation matter already pending before it and stayed the North Glenn proceeding on its own motion. Failing this, North Thornton was entitled to have the district court order the stay before any further steps were taken in the North Glenn proceeding.

North Glenn also argues that as a result of the temporary order staying the North Thornton election, issued at the request of the North Thornton commissioners themselves, no valid election can now be held in that proceeding, since C.R.S. 1963, 139-1-3 requires that the election be called by the commissioners within ten days after their appointment. The wisdom or propriety of that temporary order is not at issue here, but it is clear from the terms of Rule 106(a)(4) itself that it was within the power of the district court to issue such an order. The originally scheduled election was thus stayed by a valid order of the district court and that stay was, in effect, continued during the pendency of this review by the order entered May 11, 1965, in the North Thornton proceeding, vacating the prior order dismissing that proceeding. All such stays of the North Thornton proceeding are, of course, now lifted by our ruling in the instant case, and the district court is free to proceed in the North Thornton matter. If the petition there withstands the motion to dismiss, that court has the power to order a new election on a date agreeable to the commissioners. North Glenn concedes that if the North Thornton in-

corporation results in a valid election favoring incorporation, that election would be entitled to priority over the North Glenn election, by virtue of the fact that the North Thornton proceeding was commenced first. This concession would be hollow indeed if North Thornton were to be prevented from holding its election by its attempts to enforce that very priority through the action taken under Rule 106. It would be equally inconsistent to hold, as the motion to dismiss asserts, that the North Thornton proceeding is moot in view of the election already held in the North Glenn incorporation. No determination of the validity of the North Glenn election has yet been made, nor can any meaningful determination be made until the North Thornton proceeding has been finally determined.

The judgment is reversed and the cause remanded to the district court for further proceedings not inconsistent with the views expressed herein.

Mr. Justice Sutton not participating.