No. 21916.

Arthur R. Goers, Paula Goers, Cecile Beal, Donald Harrison, Roberta Harrison, Alvin B. Thomas, Robert G. Gagnon, Leo Christerson, C. Fulton McMaster, Edward T. Bollinger, Alice G. Bollinger, James P. Turner, Jean C. Turner, S. Morris Lubow, Mary Lubow, Doliver P. Nordstrom, Mardelle D. Nordstrom, Colleen A. Holman, James S. Hildebrandt, Alice S. Hildebrant, and Edward R. Fox *v.* Thomas C. Wiltgen, Gordon K. Smith, Curtis D. Hanks, Sella McRyhew, and Carol MacLean, as Commissioners of the City of North Thornton.

(435 P.2d 382)

Decided November 6, 1967.

Stanley B. Bender, S. Morris Lubow, for plaintiffs in error.

150

DONALDSON, HOFFMAN & GOLDSTEIN, for defendants in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFFS in error are property owners within the boundaries of the proposed City of North Thornton who have filed a motion to dismiss the incorporation proceeding begun in the County Court of Adams County on June 26, 1964, and transferred to the district court under the court reorganization in January, 1965. Defendants in error are the commissioners appointed by the county court in the same incorporation proceeding.

This writ of error is directed to an order of the district court vacating a previous order to dismiss. The trial court held that at the time of his first ruling, he had had, in fact, no jurisdiction to proceed because of a writ of error then pending before this court in *Wiltgen v. Berg,* 164 Colo. 139, 435 P.2d 378. The procedural facts involved here are set out in detail in our opinion in *Wiltgen v. Berg,* decided this day, and we will not repeat them here.

█ The arguments in this case are principally directed to the question of whether the court properly determined that it had no jurisdiction to order dismissal of the North Thornton proceeding while the Rule 106 proceeding was under review here. A determination that the court erred in so ruling would have the effect of reinstating the previous ruling granting the motion to dismiss, but the propriety of that ruling, as such, has not been argued here and should not be thus decided by indirection. The jurisdictional question argued here has been rendered moot by our decision in *Wiltgen v. Berg.* Regardless of the propriety of the court's determination of this question, the decision now rendered in

*Wiltgen v. Berg* leaves him free to proceed in the North Thornton incorporation matter.

The writ of error is dismissed.

MR. JUSTICE SUTTON not participating.