No. 27,565.

The State of Kansas, ex rel. Paul R. Wunsch, County Attorney of Kingman County, *Plaintiff,* v. The City of Kingman et al., *Defendants.*

SYLLABUS BY THE COURT.

Municipal Corporations—*Ordinance for Street Improvement—Referendum.* Under the statute providing that when the governing body of a city adopts and publishes a resolution declaring a street improvement necessary and no protest of a certain character shall be made against it within a given time, it shall have power to cause such work to be done, for which purpose an ordinance, and not a mere resolution, has been held to be necessary; such an ordinance is not subject to the operation of the statute authorizing a referendum in the case of ordinances generally.

Original proceeding in mandamus.   Opinion filed March 24, 1927.   Judgment for defendants.

1. Deeds, 18 C. J. pp. 219 n. 60, 434 n. 5.
2. Municipal Corporations, 28 Cyc. pp. 352 n. 48 new, 991 n. 76 new, 993 n. 4, 994 n. 12.

State, *ex rel.*, v. City of Kingman.

*Paul R. Wunsch,* county attorney, for the plaintiff; *Charles C. Calkin* and *Clark A. Wallace,* both of Kingman, of counsel.

*S. S. Alexander,* of Kingman, for the defendants.

*John McKenna* and *H. E. Walter,* both of Kingman, as. *amici curiæ.*

The opinion of the court was delivered by

MASON, J.: This is an original proceeding brought by the state on the relation of the county attorney to require the commissioners of Kingman, a city of the second class operating under the commission form of government, to proceed with the paving of certain streets under an ordinance heretofore adopted. The reason assigned for not taking such action is that the operation of such ordinance has been suspended by the filing of a petition of protest under the statute authorizing all ordinances except those containing a statement of emergency to be submitted to a referendum. (R. S. 14-1802.) To this the response is made that the statute does not apply to ordinances of the character of that here involved.

The proceedings for the paving were instituted by the adoption and publication of a resolution declaring the improvement necessary. No sufficient protest being interposed by resident owners, by the terms of the statute the commission was empowered to cause the improvement to be made. (R. S. 12-602.) It was necessary, however, for the succeeding steps in that direction to be taken by ordinance. (*Newman v. City of Emporia,* 32 Kan. 456.) The decision in the case just cited does not hold merely that an ordinance was required for the levying of the taxes to pay for the improvement, but that "the work should have been done . . . under and in pursuance of ordinances, and not under or in pursuance of resolutions." It is quite manifest that the purpose of this requirement was to impose a more formal method than that of a mere resolution to express the will of the mayor and council in the matter, and that there is no implication of the end sought being essentially legislative or of a different character from that sometimes carried out by resolution.

We think it quite obvious that not all instruments in the form of ordinances, and properly designated as such, are intended to be subject to the statutory referendum, although we shall not attempt to draw the line of demarcation. For instance, if the situation were such that the city was under a direct duty to levy a tax, which could be done only by ordinance, it seems very clear a referendum could not be had, and probably this would be true of any ordinance

State, *ex rel.*, v. City of Kingman.

which the city was under a legal obligation to pass. And doubtless, too, the ordinances to which the referendum statute is intended to apply are those which are legislative in their character, as indicated by these expressions from a recent textbook:

"Both legislative and executive powers are possessed by municipal corporations. Often executive powers are vested in the council or legislative body and exercised by motion, resolution or ordinance. Executive action evidenced by ordinance or resolution does not subject such action to the power of the referendum, which is restricted to legislative action as distinguished from mere administrative action. The form or name does not change the essential nature of the real step taken. The mode of effecting the action is not important. If legislative, the law contemplates the people may invoke the referendum. The referendum is usually held 'applicable to all ordinances and resolutions which constitute an exercise of legislative power.' That is, it was designed to be directed against 'supposed evils of legislation alone.' 'To allow it to be invoked to annul or delay executive conduct would destroy the efficiency necessary to the successful administration of the business affairs of a city. In many cases it would entirely prevent the exercise of the executive power necessary to carry out the acts determined upon by the legislative department. In the absence of a very clear declaration to the contrary it must be presumed that the power of referendum was intended to apply solely to the legislative powers of the city.' An act purely executive in character, unmixed with the exercise of legislative power, is not subject to the referendum. But if the act done is essentially legislative the referendum may be invoked, irrespective of the naming of the act, whether denominated a motion, resolution or ordinance. Of course, accurately speaking, an ordinance is the proper designation for legislative action." (7 McQuillin on Municipal Corporations, § 351c.)

The tendency seems to be to confine the operation of similar referendum statutes with a considerable degree of strictness to measures which are quite clearly and fully legislative and not principally executive or administrative. They have been held not applicable, on the ground of the nonlegislative character of the measure involved, to an act accepting an offer to sell land to the city for a public park (*McKevitt v. City of Sacramento,* 55 Cal. App. 117); to a resolution making a contract to collect information necessary to the preparation of a zoning ordinance (*Schroeder v. Zehrung,* 108 Neb. 573); to an order ratifying the action of a committee in accepting a bid for the construction of a schoolhouse, and directing the mayor to execute a contract in accordance therewith (*Dooling v. City Council of Fitchburg,* 242 Mass. 599); to an ordinance authorizing the settlement of claims involved in litigation against former city officers (*Oakman v. City of Eveleth,* 163 Minn. 100);

14—123 KAN.

and to an ordinance ordering a special election to vote on a proposed charter amendment (*Campbell v. City of Eugene et al.,* 116 Ore. 264).

We do not base the decision upon the ground that the ordinance here under consideration is nonlegislative, although it seems more properly describable as administrative; but we think, apart from this consideration, the legislature did not intend to bring it within the operation of the referendum statute, for these reasons: The statute provides that when the governing body of the city deems it necessary to improve a street it shall by resolution declare the work necessary, and in the absence of a sufficient protest within twenty days it shall have power to cause the improvement to be made. It must do this by means of the more formal method of passing an ordinance, and not merely by resolution, but by the letter and as we think by the spirit of the statute its power to have the work done has become finally determined. The legislature could of course require the question of this power to be further submitted to a popular vote, but in our judgment an intention to do so is not fairly to be drawn from the general language used. The situation may not be one where the city commission is under a legal duty to go ahead with the improvement it has declared necessary, and which has not been opposed in the way pointed out by the statute, but by the very words of the statute the commission, as a result of the test laid down, has the power to do so—that question being no longer open. The policy of the state with reference to the manner by which it is to be determined whether municipal improvements dependent upon assessments on the property specially benefited shall go forward, has been the subject of so much consideration that an intention to depart therefrom to be effective should be given clearer expression that in the present case.

It is held that the ordinance for carrying out the proposed street improvement is not subject to a referendum. This decides the controversy, and there is no present occasion for a further order.