No. 28,666.

THE STATE OF KANSAS, ex rel. CHARLES HALL, County Attorney of Reno County, and E. L. WELLS, *Appellants*, v. J. H. MORTON et al., *Appellees.*

(276 Pac. 62.)

Opinion filed April 6, 1929.

*Aaron Coleman, J. N. Tincher* and *Don Shaffer,* all of Hutchinson, for the appellants.

*Walter F. Jones,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one of mandamus to compel the mayor and council of the city of South Hutchinson, a city of the third class, to enact an ordinance pursuant to an initiating petition, or to submit the ordinance to vote at a special election for adoption or rejection by the people. The proposed ordinance related to the routing through the city of state highway No. 17, which was to be hard surfaced by federal aid. The question was whether the subject of the ordinance was within the legislative power of the city, and as a consequence a subject for direct legislation under the provisions of chapter 104 of the Laws 1927. The relief prayed for was denied, and the state appeals.

Highway K-17 was paved northward from the north portion of the city, and southward from the south boundary of the city. Acting under the provisions of chapter 211 of the Laws 1925 the governing body of the city applied to the board of county commissioners· of the county for aid in improving the connecting road. Three routes were suggested. A federal inspector approved a different

route. This route was satisfactory to the state highway commission, was agreed to by the city, and federal, state and county aid was allotted accordingly. The remainder of the cost of the improvement was to be paid for by a benefit district created, as authorized by law, by the board of county commissioners and consisting of the city. Dissatisfied residents petitioned the governing body of the city to enact, or to submit to vote of the people, a formulated ordinance disapproving a portion of the selected route, substituting a route for the disapproved portion, and leaving it to federal and state authorities to locate the remainder of the route as they desired. The petition was ignored, and the state sought to compel action upon it by the means indicated. Pending the proceeding, improvement of the highway has been prevented by stay orders.

At first, road-improvement legislation in this state was quite experimental. It has progressed, through education in the hard school of experience, until now the people of the state may felicitate themselves on adoption of a scheme of road improvement of great promise for the future. In 1925 the legislature took note of the undesirable situations resulting from gaps in improved state highways, such as the South Hutchinson gap in K-17. Provision was made for connecting roads to be improved under the supervision and direction of the state highway commission, as provided for in the law relating to improvement of other roads in the county. The state highway commission was authorized to coöperate with the governing bodies of cities through which improvements would extend, and the statute took its place among cognate statutes relating to road improvement. It was not a statute relating to government of cities. Locating the route of a highway is essentially an engineering detail in the execution of a highway project. The governing body of a city is one of the administrative instrumentalities for fixing the route of a connecting road. In proposing and finally determining upon a route the governing body of a city acts in the same capacity as the highway commission and the federal authorities with whom it must coöperate—that is, in an administrative capacity. The initiative and referendum statute applies to legislation by ordinance.

The stay heretofore granted by this court is set aside, and the judgment of the district court is affirmed.