No. 30,449.

THE STATE OF KANSAS, ex rel. E. J. MALONE, County Attorney, and CECIL W. MCKEE, *Plaintiffs*, v. ANTON JACOBS et al., *Defendants*.

(11 P. 2d 739.)

Opinion filed June 4, 1932.

A. E. Crane, Harry Crane, both of Topeka, E. J. Malone, of Hays, *Frank A. Lutz* and *A. E. Jordan,* both of Beloit, for the plaintiffs.

A. J. Wiles, of Hays, for the defendants.

The opinion of the court was delivered by

HUTCHISON, J.: This is an original proceeding in mandamus brought against the commissioners of the city of Hays City, seeking to compel them to either repeal ordinance No. 1169 or submit the matter to a vote of the electors of the city in accordance with the prayer of a referendum petition filed with the city clerk. The ordinance in question was one providing for the condemnation of a strip of land, the property of private owners, for the purpose of widening Park avenue and providing for the payment of the cost thereof. This action was first instituted by a citizen and taxpayer, but later, on application of the county attorney of Ellis county and the attorneys for the plaintiff, permission was granted to substitute as plaintiff the state of Kansas, on relation of the county attorney of Ellis county.

An alternative writ was issued, and the answer of the defendants is a general denial and affirmative allegations that the condemnation proceedings were regular and that the referendum laws do not apply to such proceedings.

A stipulation was filed covering all the essential facts, and the only propositions involved are: First, Do the initiative and referendum statutes apply to proceedings to condemn land in a city of the second class operating under the manager plan? and second, Have the petitioners for referendum complied with the statutory requirements?

It is urged that the only law under which condemnation proceedings can be had by a city of the second class is R. S. 26-201, and that while R. S. 14-435 gives to such cities the power of eminent domain, there is no procedure provided in that act for the exercise of such power. R. S. 26-201 directs that the governing body shall make an order setting forth such condemnation and under certain conditions matters are to be fixed by ordinance. R. S. 14-1102 of the commission form of government is as follows:

"The powers hereby granted shall be exercised by the board of commissioners of such city as hereinafter set forth, and such board of commissioners shall have and exercise all such rights, powers and duties as are now or shall be hereinafter set forth, and such board of commissioners shall have and exercise all such rights, powers and duties as are now or shall be hereafter conferred by the laws of the state of Kansas upon the governing body of cities of the second class not in conflict with the provisions of this act."

The right to exercise the power of eminent domain is not in conflict with the provisions of the statute just quoted. It is certainly one of the many rights, powers and duties conferred by law upon the governing body of a city. The powers of the governing body of a city are not limited to those provided in any one act of the legislature but may be extended by other and subsequent acts, as in this case, which outlines a special procedure. All that is necessary is that it be not in conflict with the general provisions, and certainly the rights and powers of eminent domain are not.

The manager form of city government does not change the situation as to the legislative duties of the commissioners (R. S. 12-1002, 12-1006, 12-1017 and 12-1020). The commissioners pass all ordinances and appoint the manager to hold office during the pleasure of the commission (R. S. 12-1010 and 12-1011). The duties of the city manager are not legislative but administrative (R. S. 12-1014). The referendum section (R. S. 14-1802) provides that no ordinance, with some exceptions hereafter to be considered, shall go into effect for ten days after its passage, and if during that time a petition signed by a certain percentage of the electors protesting against its passage shall be presented to the board of commissioners, the board shall either repeal the ordinance or submit it to a vote of the electors.

It is contended by the defendants that an ordinance that is permissible under the general laws of this state for condemnation is not required to be referred under this statute. There are three exceptions in this statute and only three, namely, (1) an ordinance required by the general law; (2) one required by this act; and (3) one for public peace, health or safety. The ordinance here in question would not come under either of these exceptions. The ordinance, of course, was permissive. No obligation or requirement whatever compelled its enactment. The condemnation feature thereof was the means or method proposed to accomplish the desired result, viz., the widening of the avenue and paying the cost thereof. Unless the land necessary for such widening purpose was purchased or donated there was no other method of procuring it except by condemnation proceedings. The real gist of the ordinance was the determination to widen Park avenue and provide for the payment of the cost thereof. This was distinctly legislative, and incidental thereto the ordinance provided for condemnation and appropriation of private property for such widening purpose. This is plainly apparent in the title of the ordinance, which is as follows:

"An ordinance providing for the condemnation and appropriation of private property situated in blocks 5 and 6 of C. W. Reeder's addition to the town of Hays City, Kan., for the purpose of widening Park avenue between the north line of Sixth street and the south line of Eighth street in said addition and providing for the payment of the cost thereof."

The defendants regard this ordinance wholly as one for condemnation proceedings, very much as if a previous ordinance had been enacted providing for the widening of the avenue and the payment of the cost thereof, and now an ordinance is passed to appropriate the land necessary for that purpose by condemnation proceedings. It is not here necessary to determine whether or not such a separate ordinance is subject to the referendum statute, because the ordinance here in question is not of that character. The widening of Park avenue and providing for the expense thereof is purely legislative in character. And if it is finally determined it should be widened, there is no question as to the right or power of the city commission to acquire the land for that purpose by condemnation proceedings. A clear distinction was made in the case of *State, ex rel., v. City of Kingman,* 123 Kan. 207, 255 Pac. 645, between legislative and administrative ordinances. In that case it was held, after a resolution, instead of an ordinance, had been adopted and published by the commissioners declaring the improvement of a street to be necessary, that the later ordinance, providing for the details of paving the same, was administrative and not subject to the referendum statute. (See, also, *Palmer v. Munro,* 123 Kan. 387, 255 Pac. 67.) In the case of *State, ex rel., v. Morton,* 128 Kan. 125, 276 Pac. 62, it was held that the coöperation of the city governing body with the federal and state authorities in establishing a connecting road through the city was an administrative detail and not subject to the control of the referendum statute relating to legislation by ordinance.

The main purpose of ordinance No. 1169 being legislative, we hold it was subject to the provisions of the referendum statute. (R. S. 14-1802.)

Defendants insist the referendum petition in this case was not presented to the board of commissioners as required by the statute when it was in fact left with the city clerk, directing our attention to the difference in the requirements between the referendum and the initiative. We think the leaving, presenting or filing the same with the city clerk is a substantial compliance with this requirement,

and if left with the clerk within the required time it is a compliance, although it was not physically presented to the board until three days after the limit of time, the board not being earlier in session.

Defendants point out defects and irregularities in the petition, protesting against the passage of the ordinance and the insufficiency of the same, but it bears a certificate of sufficiency by the city clerk under the statute requiring the city clerk to determine the same, which, in the absence of fraud or misconduct, is binding and conclusive.

"To that commission the legislature has committed the authority to ascertain and determine the sufficiency of the petitions and whether those signing them constituted ten per cent of the legal electors of the city. This power and discretion is to be exercised by this tribunal unhampered by judicial interference unless it is shown that the act is without jurisdiction or there was fraud or some misconduct which is the substantial equivalent of fraud." (*State, ex rel., v. Electric Power Co.,* 116 Kan. 70, 73, 226 Pac. 254. See, also, *State, ex rel., v. Holcomb,* 95 Kan. 660, 149 Pac. 684.)

Other defects and irregularities are mentioned and discussed, as required preliminary survey and the right of the city to the use of Park avenue, but these features do not affect the real question here for determination.

The writ is allowed, and the city commissioners are directed to either repeal ordinance No. 1169 or submit it to the electors under the referendum statute.