No. 31,127.

THE STATE OF KANSAS, ex rel. ROLAND BOYNTON, Attorney-general, *Plaintiff*, v. U. G. CHARLES, Mayor, C. B. SHERWOOD, C. E. PRINE, JOHN O'DELL and W. E. RICE, Members of the City Council of the City of Hugoton, *Defendants*.

(18 P. 2d 149.)

Opinion filed January 28, 1933.

*Roland Boynton,* attorney-general, *E. E. Steerman,* assistant attorney-general, *Robert C. Foulston, George Siefkin, Sidney L. Foulston* and *Lester L. Morris,* all of Wichita, for the plaintiff.

*A. E. Kramer,* of Hugoton, and *Russell L. Hazzard,* of Dodge City, for the defendants.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an original proceeding to compel the mayor and council of the city of Hugoton to enact an ordinance repealing one previously passed, relating to the furnishing of gas to the city and its inhabitants, or to submit the matter to a vote of the electors.

A controversy has arisen between the governing body of the city of Hugoton and a number of its citizens as to whether the city shall erect and equip a municipal gas plant for which the city would issue bonds in the sum of $28,000, or whether the city shall enter into a contract with a private gas company which previously had operated and furnished the inhabitants of the city with gas at agreed rates. In pursuance of an ordinance a special election was called on August 30, 1932, to decide the question whether the city should issue bonds for the erection and equipment of a natural gas system to supply the citizens and others with natural gas for domestic and other purposes. That election resulted in a vote of 359 votes for the proposition and 193 against it. Afterwards the mayor and council of the city entered into a contract for the construction of the system. On the 10th day of September following, a petition of 452 of the electors of the city was filed with the city clerk asking the officers of the city to call an election to pass an ordinance repealing the one passed, and to annul the proceedings already taken for the building of a municipal gas plant, and that the officials enter into a contract with the Argus Pipe Line Company, the utility which had been serving the city in furnishing gas under the terms of a certain proposal which had been presented to the city, and that it should be done under the authority of chapter 104 of the Laws of 1927.

A second initiative petition containing the names of 353 qualified electors was presented on September 17, which requested the repeal of the ordinance for the bond election. These petitions were ignored and refused by the mayor and council, and this proceeding was then brought to compel action thereon.

The city first insists that the ordinance petitioned for by the citizens is void on its face, in that it embraced more than a single

subject. An examination of the petition leads us to the opinion that all the elements in the proposition are so linked together as to constitute a single comprehensive question. Every proposition submitted always involves a number of incidental questions, and we find nothing in the statute providing for a referendum which makes the proposed submission unlawful because a number of subjects are embraced in the proposal.

It is also contended that the proposed referendum was principally administrative in character. About that there can be little question. It is well settled that under the statute only legislative questions can be referred to a vote of the people. (*State, ex rel., v. City of Kingman,* 123 Kan. 207, 254 Pac. 397; *State, ex rel., v. Morton,* 128 Kan. 125, 276 Pac. 62; *State, ex rel., v. Jacobs,* 135 Kan. 513, 11 P. 2d 739.)

Here the question involved is plainly a matter of public policy. It is, Shall the city build and equip a municipal gas plant to be paid for by the issue of bonds by the city, or obtain gas under a contract from a private party? The project is one in which the public is vitally interested, and the proposal involves a matter of public policy or the method of financing the securing of gas for the people. The general rule has been stated as follows:

"Acts constituting a declaration of public purpose and making provisions for ways and means of its accomplishment may be generally classified as calling for the exercise of legislative power." (43 C. J. 585.)

See, also, *People, ex rel., v. Graham,* 70 Col. 509; *State, ex rel., v. Edwards,* 305 Mo. 431; *State, ex rel., v. Superior Court,* 139 Wash. 282; *State, ex rel., v. Jackson,* 121 Ohio St. 186; *Harbor Center L. Co. v. Richmond,* 38 Cal. App. 315; *Dwyer v. City Council,* 200 Cal. 505.

The proposition we have here is distinctively and mainly legislative in character and, we think, a proper one for referendum. It is a subject of general and permanent character and the accomplishment of a public purpose. The petition was presented under R. S. 1931 Supp. 12-107, and was filed within the time prescribed in the act, and it contained the requisite number of petitioners. The governing body of the city has declined to pass the proposed ordinance or to submit it to a vote of the people and is here insisting that it is not its duty to pass the ordinance or submit the question to a vote of the electors.

Defendant contends that *State, ex rel., v. City of Kingman,* supra, is authority for the view that an initiative and referendum statute does not apply in a case of this kind. That was an original proceeding to compel the city authorities to compel the paving of a city street against which citizens had protested. It was held that the matter was not subject to statutory referendum. That holding was not made because of the nonlegislative character of the proposal, but the ruling was based on the fact that the referendum statute contained an exception that the act should not apply to any public improvement to be paid for wholly or partially by the levy of special assessments. The improvement sought came clearly within the exception.

A case closely in point is *State, ex rel., v. City of Pratt,* 92 Kan. 247, 139 Pac. 1191. There the electors had voted an issue of bonds for building an electric-light plant to be owned and operated by the city. A petition was filed against the project of the city commission, and upon that petition it was the duty of the city commission to repeal the ordinance or submit the question of repeal to a vote of the people. This the commission refused to do, and mandamus was asked to compel it to either repeal the ordinance or submit the question to the electors for their determination. It was held that the performance of this duty may rightfully be compelled by mandamus and performance of the duty was duly adjudged.

Although the bonds had been voted, the electors had evidently obtained additional information that led them to oppose the building of a city plant and the issue of bonds to pay for it. They acted promptly and presented a petition for the repeal of the bond ordinance signed by 453 electors—about three-fourths of the electorate of the city. This was done within two weeks after the bond election, evidencing promptness and good faith in the application. The facts bring the case within the rule of the statute and of *State, ex rel., v. City of Pratt,* supra, and hence the plaintiff was entitled to the relief sought.

The peremptory writ is allowed.

THIELE, J., not participating.