No. 37,413

THE STATE OF KANSAS, ex rel. Vernon A. Stroberg, County Attorney of Harvey County, *Plaintiff,* v. DRAINAGE DISTRICT No. 3 in McPherson County, *Defendant.*

(200 P. 2d 278)

Opinion filed November 30, 1948.

*J. Rodney Stone* and *Kenneth G. Speir,* both of Newton, argued the cause, and *Vernon A. Stroberg,* of Newton, was with them on the briefs for the plaintiff.

*J. R. Rhoades,* of McPherson, argued the cause, and *George R. Lehmberg,* of McPherson, was with him on the briefs for the defendant.

The opinion of the court was delivered by

PARKER, J.: This is an original action in the nature of quo warranto brought by the state of Kansas on the relation of the county attorney of Harvey county against the defendant Drainage District for the purpose of testing the legality of its organization and excluding it from the exercise of all corporate rights, powers and privileges.

The petition is not long and, since the sufficiency of its allegations is the sole issue presented, will be quoted at length. Omitting certain immaterial allegations, to which reference is made, it reads:

"Comes now Vernon A. Stroberg, the duly elected, qualified, and acting County Attorney of Harvey County, Kansas, who prosecutes this action for and on behalf of the State of Kansas, and for cause of action against the defendant, Drainage District No. 3 of McPherson County, Kansas, alleges and states:

"(1) That the defendant, Drainage District No. 3 of McPherson County, Kansas, purports and claims to be a public corporation pursuant to Article 6 of Chapter 24, 1935 G. S. of Kansas (Chapter 168 of the Session Laws of 1911) under and by virtue of the Order of the District Court of McPherson County, Kansas, made on the 7th day of July, 1947, in case No. 10,980 on the Docket of said Court.

"That said purported Drainage District consists of the following described lands located in McPherson County, Kansas, and Harvey County, Kansas, to wit: (Here follows descriptions).

"(2) That the Order of the District Court of McPherson County, Kansas, purporting to create said defendant Drainage District was and is void for the following reasons, to wit:

"(a) That said Court was without jurisdiction to declare said Drainage District a public corporation, in that there was not and is not one hundred sixty (160) acres of contiguous swamp and overflowed land within the limits of said District as required by 1935 G. S. 24-601.

"(b) That the Petition upon which the Order of Organization above referred to sought to create. said District only for the purpose of draining two bodies of water within the limits of the proposed District, which said two bodies of water were and are, in fact, lakes, each of which was and is in excess of two (2) acres in extent.

"(c) That said defendant District was created by said Order solely and wholly 'for the purpose of draining two (2) bodies of water located within the limits of said District, which were and are, in fact, lakes each in excess of two (2) acres in extent.

"(d) That said Order of the District Court of McPherson County, Kansas, purporting to create said district, was and is in direct violation of the express provisions of Section 3 of Chapter 197 of the Session Laws of 1907, as amended by Section 1 of Chapter 128 of the Session Laws of 1909 (1935 G. S. 24-705), which then were and still are in full force and effect.

"(e) That said Order of the District Court of McPherson County, Kansas, is contrary to the established public policy of the State of Kansas, in that it purports to create a drainage district for the express purpose of draining two (2) lakes located within said District, each of which is in excess of two (2) acres in extent. .

"(f) That said Order of the District Court of McPherson, County, Kansas, is contrary to the public policy and the best interests of the State of Kansas, in that it purports to create a drainage district for the express purpose of draining two (2) lakes within such district each in excess of two (2) acres in

extent, which drainage will result in the lowering of the water table underlying the land surrounding said lakes, not only within the limits of said Drainage District, but also outside thereof, to the great damage and detriment of the land owners thereof and to the citizens of the State of Kansas.

"(3) That said Drainage District proposes to and will exercise corporate powers under and by virtue of said Order of the District Court of McPherson County, Kansas, and will proceed to drain said lakes; that this plaintiff is without an adequate and complete remedy at law, and the State of Kansas and the citizens thereof will suffer great and irreparable loss and damage by reason of the unlawful and invalid acts of said Drainage District.

"(4) (Contains allegations pertaining to exhibits attached to the petition).

"WHEREFORE, the plaintiff prays judgment that the defendant, Drainage District No. 3 of McPherson County, Kansas, be adjudged invalid and non-existent; that said Drainage District be excluded from the exercise of all corporate powers, rights, and privileges; that the judgment and Order of the District Court of McPherson County, Kansas, purporting to create and establish said Drainage District, be adjudged to be invalid, null, void, and of no effect; and that the plaintiff be granted such other and further relief as may be just and equitable, together with the costs of this action."

Without motioning the petition the defendant demurred thereto, the sole ground here relied on being that it failed to state a cause of action. Thereafter defendant sought and obtained leave to file in the office of the clerk of this court a certified copy of the order of the district court of McPherson county declaring it to be a public corporation and concedes such order is necessary for a determination of the issue raised by the demurrer. Plaintiff, although it made no objection to the filing of such order, denies that it has any bearing on the issue involved and insists that it is no part of the state's petition and should not be considered by the court in ruling upon the sufficiency of its pleading. Defendant admits such motion was filed in lieu of a motion to make more definite and certain.

We believe the plaintiff's position on the point just mentioned must be upheld. However laudable his purpose the defendant in an action cannot by-pass well-established rules of pleading and practice and, without the consent of the plaintiff, by the filing of certified copies of proceedings in a collateral action, add to or detract from the petition on file in the original proceeding.

Thus by defendant's own admission the order was necessary for a determination of the issues we are compelled to overrule the demurrer. Without such admission the result would be the same. A demurrer admits all facts well pleaded (*Johnson v. City of Galena,* 163 Kan. 713, 186 P. 2d 96) and when a petition is so attacked on the ground it does not state a cause of action, without

first presenting a motion to have its allegations made more definite and certain, all averments therein contained will be liberally construed in favor of the pleader (*Campbell v. Kansas Power & Light Co.*, 165 Kan. 134, 193 P. 2d 196, and cases there cited).

When the instant petition is measured by the foregoing well-established principles it becomes obvious it contains sufficient well-pleaded allegations to withstand the attack made against it. Therefore the demurrer must be, and is, overruled.

Defendant is granted thirty days from the filing of this opinion in which to plead.