No. 37,413

THE STATE OF KANSAS, ex rel. Vernon A. Stroberg, County Attorney of Harvey County, *Plaintiff*, v. DRAINAGE DISTRICT No. 3 OF MC-PHERSON COUNTY, *Defendant.*

(205 P. 2d 997)

Opinion filed May 7, 1949.

*Kenneth G. Speir* and *J. Rodney Stone,* both of Newton, argued the cause, and *Vernon A. Stroberg,* county attorney, was with them on the brief for the plaintiff.

*J. R. Rhoades,* of McPherson, *J. G. Somers* and *Arthur N. Turner,* both of Newton, argued the cause, and *George R. Lehmberg,* of McPherson, was with them on the brief for the defendant.

The opinion of the court was delivered by

PRICE, J.: This is an original action in quo warranto brought by the state of Kansas on the relation of the county attorney of Harvey county, Kansas, against Drainage District No. 3 of McPherson county, Kansas, for the purpose of having said drainage district declared invalid and to prevent it from functioning as a public corporation upon the ground that the order of the district court of McPherson county purporting to create and establish such district was and is void.

The matter is before us on the petition of the plaintiff, the answer of the defendant, plaintiff's motion to strike from the answer and plaintiff's motion for judgment on the pleadings.

The petition is set out in full in *State v. Drainage Dist. No. 3,* 166 Kan. 225, 200 P. 2d 278, in which it was held to contain sufficient well-pleaded allegations to withstand an attack by demurrer based upon the ground such pleading failed to state a cause of action and for that reason will not be detailed in this opinion.

Briefly summarized, the petition alleges that defendant drainage district purports and claims to be a public corporation pursuant to article 6 of chapter 24, G. S. 1935, under and by virtue of the order of the district court of McPherson county, Kansas, made on July 7, 1947; that the order of the district court was and is void for the reason that the court was without jurisdiction to declare the drainage district a public corporation because there were not and are not 160 acres of contiguous swamp and overflowed land within the limits of the district as required by section 24-601, G. S. 1935; that the whole proceeding was sought only for the purpose of draining two bodies of water within the limits of the proposed district which were and are in fact lakes, each of which was and is in excess of two acres in extent; that the order of the court was and is in direct violation of the express provisions of G. S. 1935, 24-705; that the order is contrary to established public policy in the state of Kansas in that it purports to create a drainage district for the express purpose of draining two lakes located within the district, each of which is in excess of two acres in extent and that the order will result in the lowering of the water table underlying the lands surrounding

said lakes not only within the limitations of the district but also outside thereof, to the great damage and detriment of the land-owners thereof and to the public at large. It then alleges that the district proposes to drain the lakes; that plaintiff is without an adequate remedy at law and that the state of Kansas and citizens thereof will suffer irreparable loss and damage by reason of the unlawful and invalid acts of the district. The prayer is that said drainage district be adjudged invalid and nonexistent; that it be excluded from the exercise of all corporate powers, rights and privileges; that the judgment and order of the district court of Mc-Pherson county purporting to create and establish said district be adjudged to be invalid, null, void and of no effort and that plaintiff be granted such other relief as may be just and equitable, together with costs.

Following the overruling of its demurrer by this court in *State v. Drainage Dist. No. 3,* supra, the defendant filed its answer. Since this case is before us on plaintiff's motions to strike and for judgment on the pleadings, the answer is set out in full and is as follows:

"Comes now the defendant, Drainage District No. 3 of McPherson County, Kansas, by its attorneys, J. R. Rhoades and George R. Lehmberg of McPherson, Kansas, and J. G. Somers and Arthur N. Turner of Newton, Kansas, and for its answer to Plaintiffs' petition, denies every allegation in such petition except those hereinafter admitted, and for further answer:

"1. Defendant admits the allegations contained in Paragraph 1 of plaintiffs' petition.

"2. Defendant denies all of the allegations in Paragraph 2, and alleges the fact to be there are 400 acres or more of wet, overflowed or submerged land in the district, of which approximately 193 acres are in a contiguous body lying in the South Half of said Section 29 and the North Half of said Section 32, and approximately 233 acres are in a contiguous body lying in the South Half of said Section 32 and the North Half of said Section 5; and each of said acres and the entire drainage district embrace a contiguous body of swamp or overflowed lands of more than 160 acres, which said lands are too wet for cultivation.

"3. Defendant admits it proposes to, and will exercise corporate powers, and will drain the area embraced in its drainage district boundaries, but denies that either the state of Kansas or its citizens will suffer loss and damage thereby. Defendant further alleges that this drainage district was organized under G. S. 1935, Chapter 24, Article 6 (Chap. 168, L. 1911), which appears as G. S. 1935, Chapter 24-601 *et seq.,* and not under G. S. 1935, Chapter 24, Article 7 (Chap. 197, Session Laws 1907, as amended by Sec. 1, Chap. 128, Laws 1909) and appears as G. S. 1935, 24-701 *et seq.;* and that the two acts are each complete in themselves, and separate and distinct drainage enact-

ments with different procedures, different provisions and different limitations.

"4. Defendant admits that Exhibits A and B attached to petition are copies of an aerial photograph of the district, of some interest, perhaps, but of little probative force in that they do not represent the true conditions of the area at all times, but denies that Exhibits C and D are plats or surveys showing the correct banklines of any lakes within the area, and particularly denies that permanent natural bank lines exist.

"5. Defendant further alleges that the portion of subparagraph (f) of Paragraph 2 of plaintiffs' petition, referring to lowering of the water table, has been abondoned by the plaintiff, therefore no denial is made by the defendant.

"6. Further answering, defendant alleges that on the 7th day of July, 1947, the District Court of McPherson County, Kansas, after a full and complete hearing lasting for days, made the following findings of fact and conclusions of law:

## "FINDINGS OF FACT.

"1. Articles of Association for the formation of Drainage District No. 3 of McPherson County, Kansas, under 24-601, G. S. 1935 et seq., have been filed and summons issued to the non-signers who own real estate in the proposed district.

"2. The proposed district consists of the South Half of Section 29 and all of Section 32, Township 21 South, Range 3 West, McPherson County, Kansas, and the North Half of Section 5, Township 22 South Range 3 West, Harvey County, Kansas, except a tract of 1.5 acres owned by Lake Shore School District No. 119 in the northwest corner of said area, and the proposed district contains approximately 1278.5 acres.

"3. The Articles of Association are signed by the owners of approximately 911.5 acres. Non-signers who own approximately 282 acres in the proposed district are not objecting to the organization of said drainage district. The Newton Hunting Club, a corporation, who own approximately 71.5 acres in the proposed district, and The Sportsmen's Club, a corporation, who owns approximately 10 acres in the proposed district, have filed their objections to the organization of such drainage district and inclusion of their real estate therein.

"4. The Articles of Association are signed by a majority in interest of the owners of the land in the proposed district; the area of the proposed district is composed of contiguous tracts of land; there are 400 acres or more of wet, overflowed or submerged land in the proposed district, of which approximately 193 acres are in a contiguous body lying in the South Half of said Section 29 and the North Half of said Section 32, and approximately 233 acres are in a contiguous body lying in the South Half of said Section 32 and the North Half of said Section 5; and each of said areas and the entire proposed drainage district embrace a contiguous body of swamp or overflowed lands of more than 160 acres, which said lands are too wet for cultivation.

"5. That the two bodies above mentioned are natural depressions which accumulate surface water; that the tract of approximately 71.5 acres owned by The Newton Hunting Club in the Southwest Quarter (SW¼) of said Section 32 is the lowest portion of the south body of water; that the tract

of approximately 10 acres owned by The Sportsmen's Club in the Southwest Quarter (SW¼) of said Section 29 is the lowest portion of the north body of water; that the south body of water is approximately 1 foot lower than the north body of water; and that in 1945 water was flowing between the two bodies of water.

"6. That surface waters within the area accumulate upon said wet, overflowed and submerged lands; that there are no streams or springs or other sources of water within the area and the amount of water which forms in bodies of water within the area depends upon the amount and frequency of rainfall; and that there is no natural drainage or outlet for surface waters in said area. That the proposed plan of drainage for the area is the construction of a ditch from the north body of water to the south body of water, and from the south body of water east to Turkey Creek. That the purpose of said proposed drainage district is to reclaim said land and protect the same from the effects of water; that the wet overflowed and submerged lands are good, fertile agricultural lands; and that said lands may be effectively drained of water and rendered suitable for agricultural purposes.

"7. That the lands of the two objectors are owned and held by them respectively primarily for duck hunting purposes.

"Conclusions of Law

"1. That the Articles of Association are executed by a majority in interest of the owners of a contiguous body of swamp or overflowed lands in McPherson and Harvey Counties, Kansas, and such Articles of Association comply with the requirements of 24-601 et seq., G. S. 1935 for the formation of a drainage district and that it is mandatory on the Court to declare said drainage district a public corporation of this state.

"2. Agricultural lands upon which surface waters accumulate, rendering the same unfit for cultivation, are swamp or overflowed lands within the meaning of 24-601 et seq., G. S. 1935.

"3. Swamp or overflowed lands which will become productive agricultural lands upon drainage are benefited by the formation of a drainage district and the drainage of said swamp and overflowed lands.

"4. The lands owned respectively by the objectors are properly included in the proposed district and said lands will be benefited thereby, and therefore, the applications of said objectors to exclude their real estate from said district are denied.

"It Is, Therefore, Considered, Ordered, Adjudged and Decreed by the court that Drainage District No. 3 of McPherson County, Kansas, be and the same hereby is declared a public corporation of this state under the Articles of Association filed herein, except as to the real estate owned by The Hoffnungsau Mennonite Church, which real estate is hereby excluded from said drainage district.

"Defendant further alleges that no appeal was perfected from the findings, conclusions, and order of the District Court creating the district, and that such findings, conclusions and order are final and conclusive.

"7. Further answering, this defendant alleges that since the action of the District Court of McPherson County (incorporating the district), a board of supervisors has been elected; this board has employed an engineer who has

prepared a topographical survey of the district and maps and profiles thereof, a complete plan for draining the district, an estimate of the cost of the improvements, and a classification of the property of the district and assessment of benefits. After notice, as is required by law, a hearing was had May 24, 1948, by the board of supervisors, no objections were put forth at this hearing, and the board, after a full examination of the plans, estimate of costs, classification of property, and assessment of benefits, approved the same as submitted by the engineer, but that nothing further has been done in view of the commencement of this action.

"8. Defendant further alleges that since the organization of the district, and prior to the commencement of this action, the objectors, The Newton Hunting Club, a corporation, and The Sportsmen's Club, a corporation, sold their land within the district. The Newton Hunting Club sold its 71.5 acres mentioned in District Court Finding 5, to Dave J. Schroeder, who is a member of the Board of Supervisors, and the secretary of this drainage district, and certainly is not objecting to the organization of the drainage district. The Sportsmen's Club, mentioned in the same finding, sold its ten acres to David G. Unruh, who as one of the incorporators, and is now Chairman of the Board of Supervisors of the drainage district, and he is not objecting. These two hunting clubs were the only objectors to the formation of the district.

"9. Defendant further alleges it has complied with all the laws of the State of Kansas as contained in G. S. 24-601, *et seq.;* that the District Court of McPherson County, Kansas, upon disputed evidence, has found in favor of this corporation, has ordered its incorporation, and defendant is in truth and in fact a legally existing corporation.

"WHEREFORE, Defendants, having fully answered, pray judgment for their costs."

The plaintiff then filed the following motion to strike:

"Comes now the plaintiff, the State of Kansas, ex rel: Vernon A. Stroberg, county attorney of Harvey County, Kansas, and for his motion to strike from the answer of the defendant herein states:

"Paragraphs 2, 3, 4, 7, 8, 9, and the additions of the defendant made at the end of the paragraph 6th on page 4 of defendant's answer which reads as follows, to-wit:

" 'Defendant further alleges that no appeal was perfected from the findings, conclusions, and order of the District Court creating the district, and that such findings, conclusions and order are final and conclusive.'

of said defendant's answer are incompetent, irrelevant, immaterial to the issues of this case, embodies conclusions of law and invades the province of the court in determining the legal questions in the above styled case involved for which reasons said paragraphs should be stricken from the answer of said defendant.

"And for the purposes of this motion and for the purposes of submittal of this case to the above court, paragraph 5 of defendant's answer is admitted.

"WHEREFORE, plaintiff prays that paragraphs 2, 3, 4, 7, 8, 9 together with the above referred additions at the end on paragraph 6 be stricken."

and on the same date filed its motion for judgment on the pleadings as follows:

"Motion for Judgment on the Pleadings

"Comes now the plaintiff, the State of Kansas, ex rel: Vernon A. Stroberg, county attorney of Harvey County, Kansas, and moves this honorable court for judgment on the pleadings of the plaintiff and defendant for the reason that the answer of the defendant particularly sets forth the findings of fact and conclusions of law of the Honorable District Court of McPherson County, Kansas, in paragraph 6th of said defendant's answer and that said findings of fact and conclusions of law as therein set forth establish on the face of the record that said drainage district No. 3, defendant herein, was organized for the purpose and to drain two lakes each of which is in excess of two acres in extent contrary to the established policy of the state of Kansas and further establishes that the area of which said drainage district is composed was not swamp or wet overflowed or submerged lands as contemplated by the laws of the state of Kansas.

Wherefore, said plaintiff prays judgment on the pleadings declaring that drainage district No. 3 of McPherson County, Kansas, is not a legally constituted drainage corporation but that the order of the District Court of McPherson County, Kansas, purporting to create said drainage district was and is void for the reasons more particularly set forth in said plaintiff's petition in the above styled cause."

As we read the pleadings in this case plaintiff's motion to strike from the answer of the defendant is without merit with the exception of that portion which seeks to strike the allegation to the effect that since no appeal was perfected from the findings, conclusions and order of the district court creating the district, such findings, conclusions and order are final and conclusive. The state was not a party to the original action incorporating defendant district and is not precluded from bringing the instant proceeding. (*State, ex rel., v. Wheat Farming Co.*, 137 Kan. 697, 22 P. 2d 1093, and cases cited therein.)

In support of its motion for judgment on the pleadings plaintiff argues that the existence of swamp and overflowed land is a prerequisite to the formation of a drainage district; that the drainage of lakes is prohibited by statute and public policy and that the order purporting to create the defendant district is void upon its face. Summarized and boiled down to its very essence, the gist of plaintiff's argument is that G. S. 1935, 24-705, prohibits the drainage of any lake covering two acres or more in extent. We are cited to numerous authorities defining the word "lake" and plaintiff contends that the very language found in the order of the district court creating said district shows such lands, or at least a portion thereof,

contained in the district, to be lakes. Our attention is also called to the fact that while article 6 of chapter 24 was enacted in 1911, and article 7 in 1907, yet 24-627 specifically provides that article 6 shall not be construed as repealing or in any wise modifying the provisions of any other act relating to the subject of draining, reclaiming, or protecting swamp, overflowed or submerged lands.

In behalf of defendant district it is argued that the language employed in the findings of the district court means just what it says—that the land in question is wet, overflowed, submerged and swamp land and does not contain lakes as contended for by plaintiff; that even though the provisions of 24-705 prohibiting the drainage of lakes could be construed as being applicable to this proceeding, nevertheless artcile 7 of chapter 24 is unconstitutional and void; that articles 6 and 7 of chapter 24 are not *in pari materia* and that each was enacted to take care of a particular situation as it arose.

Various other arguments are advanced by each side to this controversy but as we view this case the proposition narrows down to this:

The pleadings before us are the petition, answer, motion to strike from the answer, and the motion for judgment on the pleadings. We have already said that we find no merit in plaintiff's motion to strike from the answer with the exception of the one particular with reference to no appeal being taken. The motion for judgment on the pleadings is really tantamount to and the equivalent of a demurrer which admits facts well pleaded and is only to be sustained where a cause of action is admitted by the answer and no facts are alleged therein which defeat the admission. In other words, such motion properly raises the question whether the allegations of the answer taken as true state a defense. (*Fidelity Life Assn. v. Hobbs,* 161 Kan. 163, 166 P. 2d 1001, and cases cited.) Do the allegations of the answer taken as true state a defense?

The answer alleges that defendant drainage district was organized under the provisions of article 6, chapter 24, G. S. 1935, the constitutionality of which has already been upheld in *State, ex rel., v. Drainage Dist.,* 123 Kan. 191, 254 Pac. 372. The act provides for the formation of a drainage district by a majority in interest of the owners in any contiguous body of swamp or overflowed lands in the state situated in one or more counties, which district shall in no event embrace an area of less than 160 acres. The act goes on to provide that the fact the district shall contain 160 acres or more

of wet, overflowed or submerged lands shall be sufficient cause for declaring the organization a public corporation. The district court found all of the conditions and facts enumerated in article 6 of chapter 24 necessary for the organization of the district to exist, and since they are set out in detail above will not specifically be referred to here.

In fact, as we read plaintiff's motion for judgment and the argument in its brief it appears that its contentions are based solely on the fact that the order of the district court creating the district shows on its face that the area involved contains the two alleged lakes in question and that their drainage will result unless the order is held to be void and the drainage district dissolved. Several things enter into the consideration of this question, such as the distinction between "submerged land" and a "lake"; whether articles 6 and 7 of chapter 24 are *in pari materia,* and if so, does the language of 24-705 apply to the instant proceeding assuming that included in the drainage district area are the two alleged lakes as contended by plaintiff.

We are passing on plaintiff's motion for judgment on the pleadings and in order to sustain it we would have to hold that the allegations of the answer taken as true do not state a defense. That we cannot do. The order of the district court set out in defendant's answer appears on its face to be regular in every respect and not violative of any existing statute. In fact, it appears to be in exact conformity with the provisions of article 6 of chapter 24. We are told that there was a lengthy hearing at the time the district was organized and we cannot say, in the case now before us, that the action of the lower court was void on its face or that the answer of defendant does not set out a defense. We have carefully examined all of the authorities cited by plaintiff, particularly with reference to the definitions of words found in articles 6 and 7 of chapter 24, such as "lake," "overflowed land," "surface water," "swamp land" and the like, but even assuming for the argument that 24-705 prohibits the drainage of any lake of two acres or more in extent in a drainage district created under the provisions of article 6, yet we cannot agree with plaintiff that the order of the district court shows on its face that defendant district proposes to and will drain the two alleged lakes. To so hold would in effect be saying that as a matter of law the land found by the district court to be wet, overflowed, swamp and submerged land was in fact the two lakes in question, and we cannot do so.

From what has been said it follows that plaintiff's motion to strike from the answer is sustained in the one particular heretofore mentioned, the remaining grounds are denied and plaintiff's motion for judgment on the pleadings is denied.