No. 37,413

The State of Kansas, *ex rel.*, Vernon A. Stroberg, County Attorney of Harvey County, *Plaintiff*, v. Drainage District No. 3 of McPherson County, *Defendant*.

(215 P. 2d 161)

Opinion filed February 28, 1950.

*Kenneth G. Speir* and *J. Rodney Stone*, both of Newton, argued the cause, and *Vernon A. Stroberg*, county attorney, was with them on the briefs for the plaintiff.

*J. R. Rhoades,* of McPherson, argued the cause, and *George R. Lehmberg,* of McPherson, and *J. G. Somers* and *Arthur N. Turner,* both of Newton, were with him on the briefs for the defendant.

The opinion of the court was delivered by

PARKER, J.: This is an original action in the nature of quo warranto brought by the state of Kansas on the relation of the county attorney of Harvey county against Drainage District No. 3 of McPherson county for the purpose of challenging the legal existence of the drainage district as a public corporation and excluding it from the exercise of all corporate rights, powers and privileges.

Various phases of this case have been here before and should be briefly referred to in chronological order to insure a proper understanding of the issues now involved.

Shortly after the action was instituted defendant demurred to the plaintiff's petition upon the ground it failed to state a cause of action. It next moved for and obtained permission to file in the office of the clerk of this court a certified copy of the order of the district court of McPherson county declaring the district to be a public corporation. The cause was then set for hearing on the demurrer. When it was argued defendant admitted its motion pertaining to the court order referred to was filed in lieu of a motion to make the petition more definite and certain and conceded such order was necessary for a determination of the issue raised by the demurrer. In *State, ex rel., v. Drainage Dist. No. 3,* 166 Kan. 225, 200 P. 2d 278, we overruled the demurrer, pointing out in the opinion that however laudable its purpose the defendant could not by-pass well-established rules of pleading and practice and, without the consent of the plaintiff, add or detract from the petition by the filing of certified copies of portions of the record in a collateral proceeding.

After rendition of the foregoing decision defendant filed its answer. Thereafter plaintiff moved to strike certain portions of that pleading and filed a motion for judgment on the pleadings. In *State v. Drainage Dist. No. 3,* 167 Kan. 213, 205 P. 2d 997, we overruled the motion to strike on all particulars except one which is not here involved and denied the motion for judgment on the pleadings. At the hearing on that phase of the case all we had before us, after ruling on the motion to strike, was the plaintiff's motion for judgment on the pleadings and the decision was limited to that issue.

Following the last-mentioned decision the only affirmative action taken by the defendant came in the form of a motion to dismiss the

action for the reason the cause had not been prosecuted with diligence by the plaintiff. This motion was heard and overruled without the formality of a written opinion.

Plaintiff next filed a motion for an order appointing a special master. Thereupon we appointed Hon. John H. Lehman of Abilene, a capable and experienced attorney, as our commissioner to do any and all things necessary or proper in order to insure a full and complete hearing of all essential matters involved in a determination of the issues raised by the pleadings. Defendant did not contest plaintiff's motion for the appointment of a commissioner and made no objection to our action in appointing him. Following his appointment the commissioner heard the evidence adduced by the parties, which was taken and transcribed by a certified shorthand reporter, and thereafter returned such evidence together with his findings of fact and conclusions of law to this court. No further mention need be made of the findings except to say that defendant has moved to confirm and plaintiff has moved to reject them and that their approval requires a denial of the writ sought by the plaintiff.

Thus we are called upon for the first time to determine whether under the issues raised by the pleadings and the evidence adduced in support thereof, the plaintiff has established that the proceedings resulting in the creation of the district as a public corporation are void and entitle the state to a writ ousting defendant from the exercise of all corporate rights.

We realize, of course, that to fully comprehend every issue raised by the pleadings, and to completely understand every question heretofore and now involved in this case, it will be necessary for readers of this opinion to have all factual details set forth in the pleadings of the respective parties. The petition is set out in full in the opinion of 166 Kan. 225, *supra*, while the answer appears verbatim in the opinion of 167 Kan. 213, *supra*. It will not be necessary to encumber our records by requoting either pleading since by reference they can be found in the opinions of the two cases just mentioned if required for elucidatory purposes.

Briefly summarized, and limited to issues which we deem decisive of the instant appeal, the petition alleges that defendant drainage district purports and claims to be a public corporation pursuant to article 6 of chapter 24, G. S. 1935, under and by virtue of the order of the district court of McPherson county made on July 7, 1947; that the order was and is void in that such tribunal

was without jurisdiction to declare the district a public corporation because at the time it was made there were not 160 acres of contiguous swamp or overflowed lands within the limits of the district; that the order purporting to create the district is void upon its face because the findings of fact made by the district court in and of themselves conclusively establish that the bodies of water within the district, and which it proposes to drain, are lakes and not swamp or overflowed lands. Assuming the correctness of the allegations heretofore stated such pleading contains numerous other averments relating to the rights of individuals or corporations to drain lakes in Kansas and asserting the defendant proposes and is about to drain lakes located within the boundaries of the district in violation of law. Its prayer is that the drainage district be adjudged invalid and nonexistent; that the judgment and order of the district court of McPherson county purporting to create and establish the district be adjudged to be invalid, null, void and of no effect and that the district be excluded from the exercise of all corporate rights.

Summarized just as briefly, and also limited to issues here deemed decisive, the answer alleges that the drainage district was organized under G. S. 1935, ch. 24, art. 6 [Ch. 168, L. 1911], which appears as G. S. 1935, 24-601, *et seq.*; that there were and are 400 acres or more of wet overflowed and submerged lands in the district embracing a contiguous body of swamp or overflowed lands of more than 160 acres, all of which are too wet for cultivation and do not include any lakes whatsoever; that it proposes to and will exercise corporate powers and will drain the area embraced in its boundaries; that it has complied with all the laws of the state of Kansas as contained in G. S. 1935, 24-601, *et seq.*; that the district court of McPherson county upon disputed evidence has found facts authorizing and requiring the creation of the corporation, has ordered its incorporation and that defendant is in truth and fact a legally existing corporation. The answer also sets forth the findings of fact and conclusions of law made by the district court at the time it declared the drainage district a public corporation and prays that the relief sought by the plaintiff be denied.

At the outset it should be stated that article 6 of chapter 24, G. S. 1935, provides for the formation of a drainage district by a majority in interest of the owners in any contiguous body of

swampy or overflowed lands in the state situated in one or more counties [the land here being so situated], which district shall in no event embrace an area of less than 160 acres. It further provides that the fact said district shall contain 160 acres or more of wet overflowed or submerged lands shall be sufficient cause for the district court of the county in which the greater portion of the land of the proposed district shall be situated [here McPherson county] to declare said organization a public corporation of this state and requires that fact finding body to make such a declaration if and when, upon the hearing therein provided for, it finds objections to the formation of the district are unwarranted and should be overruled. It should likewise be added that the act has been held to be constitutional and construed as authorizing the formation of a drainage district of the type here involved and its subsequent recognition as a public corporation upon findings of fact made by the court having jurisdiction in conformity with its terms. (See *State, ex rel., v. Drainage District,* 123 Kan. 191, 254 Pac. 372.)

On oral argument one of the principal contentions advanced by counsel for plaintiff, who, we pause to note, stated they had filed no briefs supporting their position and were relying upon the authorities cited in briefs filed by them on former hearings of the case, was that the order purporting to create the district is void upon its face because the findings made by the district court conclusively establish that the bodies of water within the district are lakes and not swamp or overflowed lands. We need not labor this contention. It was decided adversely to plaintiff in 167 Kan. 213, *supra,* where we held the findings of the district court included all the conditions and facts enumerated in article 6 of chapter 24 and essential for the organization of the district.

Plaintiff also argues the district court was without jurisdiction to declare the drainage district a public corporation. In support of this position it is urged that irrespective and notwithstanding the findings the lands included within the boundaries of the district were not swamp or overflowed lands and hence the district court's order was void. In making this claim plaintiff fails to properly distinguish between jurisdiction and exercise of jurisdiction. Under the provisions of article 6, chapter 24, G. S. 1935, jurisdiction of the district court attached when proceedings were there instituted, as authorized by its terms, seeking to have the drainage district declared a public cor-

poration. Thereafter, in determining whether the district contained a contiguous body of swamp or overflowed lands of more than 160 acres, the court was exercising jurisdiction conferred upon it by legislative fiat and in so doing by express terms of the act itself (see G. S. 1935, 24-603) was passing upon and deciding a question of fact.

Aside from the matters heretofore discussed the gist of plaintiff's argument seems to be that the state was not made a party to the drainage proceeding in the district court and that therefore it has the right to challenge the findings of fact made by the district court and retry in this proceeding all factual issues determined by it. It is true, as we held in 167 Kan. 213, *supra,* that under such conditions the state is not precluded from bringing a proceeding in the nature of quo warranto challenging the corporate existence of the defendant. However, the fact the plaintiff has the right to maintain the action does not mean, as it insists, that it is entitled to a complete review and redetermination of all matters leading up to and resulting in the creation of the corporation.

The rule in this jurisdiction, now well established by repeated decisions, is that where the determination of the existence of prerequisite facts to authorize official action is vested in a local tribunal such as a board of county commissioners, or the governing body of a city or—as is this case—a district court, its determination of those facts is conclusive and is not subject to judicial review unless it is shown its act is without jurisdiction or that its decision was actuated by fraud or similar misconduct substantially equivalent thereto.

Long ago in *State, ex rel., v. Holcomb,* 95 Kan. 660, 149 Pac. 684, we held:

"The act providing for the incorporation of cities of the third class (Gen. Stat. 1909, § 1511) confers authority on the board of county commissioners to determine whether or not a petition for incorporation presented to it is signed by a majority of the electors of the unincorporated town. The authority thus conferred is jurisdiction, which attaches when a petition fair on its face and duly published is filed. Proceedings following resulting in an order effecting incorporation are the exercise of jurisdiction. The legislature having authorized no appeal or other method of review, the action of the board of county commissioners is final and conclusive although irregular and erroneous, and can not be attacked by the state in an action of quo warranto prosecuted against the corporation except for fraud, collusion or other misconduct the substantial equivalent of fraud." (Syl. ¶ 1.)

And at page 668 in the opinion said:

"The statute requires that the board of county commissioners shall be sat-

isfied that the number of inhabitants of the unincorporated town exceeds two hundred and does not exceed two thousand and shall so state in its order. The determination of this fact was, therefore, expressly placed within the jurisdiction of the board of county commissioners.

"In the brief for the plaintiff the question is asked, What remedy is open to the state of Kansas to test the validity of the incorporation of the city of Zenda? The answer is, None. The reason is, the state of Kansas itself incorporated the city of Zenda through a special agency of its own choosing, which it trusted. Not having specially appointed another agent to review the work of the first there is no review, and the judiciary can not interfere except on the familiar grounds bringing the case within the scope of their jurisdiction."

For other decisions of like import wherein the rule as we have heretofore stated it is announced, approved and adhered to, see *State, ex rel., v. Dowling et al.,* 117 Kan. 493, 232 Pac. 615; *State, ex rel., v. Electric Power Co.,* 116 Kan. 70, 226 Pac. 254; *State, ex rel., v. North Topeka Drainage District,* 133 Kan. 274, 299 Pac. 637; *State, ex rel., v. Jacobs,* 135 Kan. 513, 517, 11 P. 2d 739; *State v. City of Hutchinson,* 137 Kan. 231, 19 P. 2d 714; *State, ex rel., v. City of Walnut,* 166 Kan. 296, 201 P. 2d 635.

See, also, *Williams v. City of Topeka,* 85 Kan. 857, 118 Pac. 864; *Stevenson v. Shawnee County,* 98 Kan. 671, 159 Pac. 5.

The conclusions heretofore announced make it crystal clear that under the situation as it exists in the case at bar the action of the district court of McPherson county in declaring the defendant to be a public corporation is unassailable unless the plaintiff has established that its decision with respect thereto was actuated by fraud or other misconduct of similar import. Our examination of the transcript of the testimony filed by the commissioner fails to reveal a scintilla of evidence to that effect. It necessarily follows the state has wholly failed to establish any infirmity in the corporate status of the defendant which will warrant this court in excluding the drainage district from exercising the rights, powers and privileges it acquired under and by virtue of the district court's action.

The defendant is entitled to judgment and it is so ordered.